TRAVELER SHOE COMPANY *vs.* HENRY A. KOCH & others.

Suffolk.    December 4, 5, 1913. — January 9, 1914.

Present: RUGG, C. J., HAMMOND, BRALEY, & DE COURCY, JJ.

*Novation.    Equity Pleading and Practice,* Appeal.    *Frauds, Statute of.*

In a suit in equity against four defendants to compel them to execute and deliver to the plaintiff a lease of a certain store, it appeared that the store was in a building owned by one of the defendants, who, before the building was completed, had made an agreement in writing to lease the entire building to two of the other defendants, the lease to be guaranteed by the fourth defendant and the agreement giving to the last three defendants power to sublet. For a proper consideration, the fourth defendant agreed to lease to the plaintiff the store in the building to be built. The completion of the building being delayed, the fourth defendant desired to be released by the other defendants from his part in the undertaking and they orally agreed with him that the owner should assume his place in the undertaking as to the plaintiff. The plaintiff, learning of this arrangement, orally acquiesced in it, and, after the building was completed, moved into the store and with the knowledge of the owner made extensive expenditures, relying upon the lease being given to him. The lease afterwards was refused. The judge who heard the suit ruled that a novation was effected, substituting the owner for the fourth defendant, and that, because there had been part performance by the plaintiff in reliance upon performance by the defendants, the statute of frauds did not apply to the undertaking of the owner with the plaintiff. A final decree accordingly was made, directing the defendants other than the fourth defendant to execute a lease to the plaintiff. *Held,* that on the findings of fact, which were warranted, the rulings and decree were proper.

DE COURCY, J.   This is a bill in equity brought to compel the defendants to lease to the plaintiff a portion of the premises numbered 2215 on Washington Street in the city of Boston. The final decree ordered the defendants Goldsmith, Berliner and Rosengard to execute and deliver a lease as prayed for; and the case is before us on their appeal from the decree.

The judge of the Superior Court,* who saw and heard the witnesses, made certain findings of fact; and under the familiar rule these will not be reversed or modified unless they are plainly wrong. *Adams* v. *Protective Union Co.* 210 Mass. 172. Counsel have agreed that the judge was warranted in making all the

* *Hardy,* J.

findings contained in his memorandum, except those printed in italics in the record. As to these latter, upon examination of all the evidence reported, it seems sufficient to say that only the finding with reference to a novation calls for discussion, as the others clearly were justified.

The facts that are here material are the following: On August 18, 1911, the defendant Goldsmith was the owner of a parcel of real estate at the corner of Washington and Ruggles Streets in Boston, and contemplated tearing down the old structures thereon and erecting a large department store building. On that day he entered into a written agreement with the defendants Berliner and Rosengard to lease to them the entire new building for a term of ten years. The lease was to be guaranteed by the defendants Koch, who with Berliner and Rosengard were jointly interested in the agreement and had the power to make contracts with other parties for subleases of the new building.

The plaintiff was and for many years had been a tenant of the defendant Goldsmith, and its lease of the store 2215 Washington Street would not expire until April 1, 1912, — by which time the parties intended that the new building should be completed. As the plans for the proposed structure included the plaintiff's location, it was important for the defendants to obtain possession of its store. The defendant Goldsmith endeavored to terminate the lease after a fire occurred on the plaintiff's premises, but was enjoined therefrom by the Superior Court. On October 28, 1911, Henry A. Koch, with Daniel Koch as guarantor, entered into an agreement with the plaintiff corporation to lease to it a certain space on the first floor of the new building when completed; and as part consideration therefor the plaintiff agreed to surrender possession of its store whenever so requested after January 1, 1912, by Henry Koch or the defendant Goldsmith. In accordance with this agreement the plaintiff did surrender the store to the defendant Goldsmith on January 5, 1912.

On April 1, 1912, Goldsmith had not completed the building, and it was apparent that it would not be ready for occupancy for some months. The defendant Henry A. Koch objected to the delay, and complained of his inability to procure tenants because the building was not finished within the time contemplated, and of the liability he might be under to the prospective tenants with whom

already he had made agreements for subleases. In May, 1912, a meeting was held of the defendants Koch, Berliner, Rosengard and Goldsmith. The trial judge finds that it was then orally agreed among them that the defendants Koch should give up their rights and interest under the original contract, and, in substance, that Goldsmith should take their place under the contract of October 28, 1911, with the plaintiff, and carry out its provisions. Later this agreement on the part of Goldsmith was communicated to and accepted by the plaintiff.

After the withdrawal of Koch Brothers, Goldsmith agreed with Berliner and Rosengard to finance them, and the last two organized the defendant R. B. Mason Company. Subsequently he executed and delivered to Berliner and Rosengard a lease of the new building for the term of ten years from September 25, 1912.

During the summer months, after the plaintiff's officers knew that the defendants Koch no longer had any interest in the premises, and that Goldsmith had taken the place of Koch Brothers under the agreement of October 28, 1911, to give a lease to the plaintiff, the Traveler Shoe Company, it (the plaintiff) placed signs on the premises; installed at a cost of $2,500 fixtures that were made in accordance with designs suggested by Berliner; proceeded with the manufacture of merchandise especially prepared and labelled for the new store; and made other preparations, in reliance on the promised lease. During all this time Goldsmith was constantly on the premises directing the work of construction.

By October 1, 1912, the plaintiff was in possession of the premises described in the form of lease annexed to the final decree; it carried on its business there, paid the rent and performed the covenants in accordance with the terms of that lease form. Its frequent demands for a lease were met with delays; and finally Rosengard and Berliner refused to execute a lease unless the plaintiff would agree to increase the rental from eight per cent to ten per cent of the proceeds of its sales, and would consent to lessen the window space which it occupied. The trial court found: "Possession was taken by the plaintiff company under the promise that a lease would be given in accordance with the terms set forth in the contract between the plaintiff company and Koch Brothers.

I am satisfied upon all the evidence that there was a novation of this contract whereby Goldsmith, as well as Berliner and Rosengard, entered into a contract in September subject to the obligation that Goldsmith would grant the lease as stipulated for in the contract described in Exhibit 1."

The defendants Berliner and Rosengard apparently do not contest the final decree against them. The agreement between Koch Brothers and the plaintiff made October 28, 1911, is found to have been entered into with the consent of these two defendants and for the joint interest of Koch Brothers, Berliner and Rosengard; and the signature of Henry A. Koch bound those whom he was authorized to represent. *Sanborn* v. *Flagler,* 9 Allen, 474.

It is the contention of the defendant Goldsmith that there was no sufficient evidence to warrant the finding that there was a novation; and that even if there was, his promise to give a lease was an oral one and not enforceable under the statute of frauds.

As to the first contention, in addition to what already has been said, it is sufficient to say that Koch Brothers gave up their rights against Goldsmith under the agreement of August 18, 1911, and withdrew from the entire transaction, in consideration of Goldsmith's undertaking, which in substance has been found to be to substitute himself for them, especially in everything concerning the agreement for a lease to the plaintiff, and to "let Koch Brothers out of it." The trial judge finds that this agreement on the part of Goldsmith was communicated to and accepted and acted upon by the plaintiff. There was also specific evidence that the plaintiff, by its president, assented to the discharge of the Koch Brothers from the original liability. It would serve no useful purpose to discuss in detail the voluminous testimony, with its irreconcilable contradictions, or the conduct of the parties on these issues. The trial judge had the advantage of observing the witnesses, and forming an opinion as to their credibility; and, as already stated, we cannot say that his conclusions are clearly wrong. As it is found that the plaintiff released Koch Brothers from their obligation under the agreement for a lease and accepted the defendant Goldsmith in their place, and Goldsmith agreed with the plaintiff to carry out the agreement as his own, a case of substitution or novation and not a mere collateral undertaking is established. *Caswell* v. *Fellows,* 110 Mass. 52. *Trudeau* v. *Poutre,* 165 Mass.

81.  *Griffin* v. *Cunningham,* 183 Mass. 505.  *Stowell* v. *Gram,* 184 Mass. 562.

There was ample evidence of part performance by the plaintiff, by taking possession and making improvements after Goldsmith's oral agreement to give a lease of the premises, to take the case out of the statute of frauds.  *Williams* v. *Carty,* 205 Mass. 396, and cases cited.

*Decree affirmed.*

*F. P. Garland, J. S. Slater & M. Witte,* for the defendant Goldsmith.

*J. Bon,* for the defendants Henry A. and Daniel Koch.

*A. K. Cohen, (H. A. Mintz* with him,) for the plaintiff.