SIMON GOLDSMITH *vs.* TRAVELER SHOE COMPANY.

Suffolk. May 19, 1915. — June 22, 1915.

Present: RUGG, C. J., DE COURCY, CROSBY, & CARROLL, JJ.

*Landlord and Tenant,* Construction of lease. *Words,* "Space."

For the purpose of determining the scope and effect of a provision in a lease, the lease is to be construed as of the date when it was made.

In a provision in a lease of the first floor of a building, "The lessor will supply light, heat, elevator service and space," the word "space" by reason of its indefiniteness does not convey the right to use any part of the basement of the building as part of the demised premises.

At the hearing of a suit in equity to enjoin the defendant from occupying a portion of the basement of the plaintiff's building, it appeared that the defendant was a tenant of the first floor of a building of the plaintiff under a lease in writing which was made while the building was in process of construction and which contained the provision, "The lessor will supply light, heat, elevator service and space," and the defendant contended that the "space" referred to was in the basement and introduced evidence tending to show that the use of such space was a necessity in his business for storage purposes, and that before and at the time of the making of the lease the lessor promised the use of such space in the basement and pointed out a definite part of the basement therefor. On conflicting evidence, the trial judge found that there was no agreement by the lessor before the making of the lease to furnish space in the basement, that such space was not necessary to the defendant's business, that after the defendant entered into possession of the premises the lessor pointed out a space in the basement that the defendant might use, which the defendant continued thereafter to use, and that the permission thus given to the defendant "was a license and was revocable." There was evidence in regard to parts of the building other than storage space in the basement to which the word "space" might have referred. *Held,* that, on the findings of the judge, a decree for the plaintiff was warranted.

BILL IN EQUITY, filed in the Superior Court on March 24, 1914, seeking to enjoin the defendant from occupying a certain portion of the basement of a building of the plaintiff, the first floor of which was occupied by the defendant as a tenant under a lease in writing.

In the Superior Court the case was heard by *Pierce,* J. The material facts are stated in the opinion. A final decree was entered granting the prayer of the bill. The defendant appealed.

The case was submitted on briefs.

*A. K. Cohen, H. A. Mintz & W. J. Bloom,* for the defendant.
*S. Sigilman,* for the plaintiff.

CROSBY, J.  In accordance with the final decree entered in the suit of *Traveler Shoe Co.* v. *Koch,* 216 Mass. 412, which decree was recorded in the registry of deeds, under the provisions of St. 1910, c. 376, the defendant in this suit became the tenant of the plaintiff of the premises described in that decree, upon the terms and conditions of the agreement of lease annexed thereto.

At the time of the signing of the agreement of lease above referred to, the building described therein had not been erected. The records show that the first floor of the proposed building was intended to be occupied as a department store.

Under the terms of the agreement, the plaintiff leased to the defendant "about sixteen hundred and seventy-seven (1677) square feet of floor space on the street floor," the exact location of the floor space being particularly bounded and described in the lease. Following the description of the premises in the lease, there are many other provisions, including the following: "The lessor will supply light, heat, elevator service and space."

The defendant contends that the word "space," found in the sentence last above referred to, conferred upon the defendant the right to the use of a defined enclosure in the basement of the building, to be used by it as a store room in connection with that part of the first floor described in the lease.

For the purpose of determining the scope and effect of the agreement of lease it is to be construed as of the date when it was made. The question is whether by its terms the word "space" included a portion of the basement to be used by the defendant as a store room and was therefore a part of the demised premises.

The judge of the Superior Court before whom the case was tried ruled and found that by reason of its indefiniteness the word "space" could not pass any part of the basement as parcel of the demised premises.  We are of opinion that this was correct, especially in view of his further finding that when the agreement was made the lessor did not agree to furnish a store room, either in the basement or on the floor above the leased premises.

The defendant offered evidence to show that the persons who subsequently became the lessors, before and at the time of making the agreement of lease, promised to furnish the representatives of the defendant with a store room, either in the basement or on the floor above the leased premises.  The defendant also offered

to show that a short time before it took possession under its agreement of lease, the president of the defendant company went to the premises and asked the plaintiff Goldsmith what portion of the basement the defendant company was to have as a store room, and that Goldsmith pointed out a certain portion of the basement which he stated the defendant was so to use.

There was also evidence that the space so pointed out afterwards was occupied and used by the defendant, from the time it took possession up to the time this suit was commenced.

The trial judge found upon conflicting evidence that before the making of the agreement the persons who subsequently became the lessors did not agree to furnish a store room "either in the basement or on the floor above the leased premises." The judge further found that "after the defendant entered into possession and before the premises were actually opened for business some one of the lessors, in response to an inquiry of the defendant as to where it was to have a store room, pointed out a place in the basement, which place after the erection of uprights to which wire netting was affixed by the plaintiff became an enclosure exclusively used by the defendant from then until now as and for a store room in connection with its business carried on upon the leased premises. About the same time similar enclosures were erected in the basement in number equal to that of the expected tenancies."

The defendant contends that the use of storage space in the basement is necessary in a business of the nature carried on by it upon the demised premises and was therefore appurtenant thereto; and that the uncontradicted evidence was to that effect; but the judge was not bound to accept this testimony as true and found that such an enclosure was not "necessary and essential to the beneficial use of the premises described in the lease." *Oliver* v. *Dickinson,* 100 Mass. 114. *Gorton-Pew Fisheries Co.* v. *Tolman,* 210 Mass. 402, 410, 411.

The contention of the defendant that by the use of the word "space" a specific easement was granted to use a portion of the basement cannot be sustained, in view of the finding of the judge that the permission given to the defendant "was a license and was revocable."

It is undoubtedly true that every word in a written instrument is to be given its full meaning and effect and if possible is to be har-

monized with the rest. That any word in such an instrument was intended to be meaningless or repugnant to other words therein is not to be inferred, if it can be so construed as to have force and effect, and this may be done consistently with rules of law and the intention of the parties. *Corbin* v. *Healy,* 20 Pick. 514, 515. Hammon on Contracts, § 406. *Ferguson* v. *Union Mutual Life Ins. Co.* 187 Mass. 8, 10. *Moran* v. *Lezotte,* 54 Mich. 83.

There was evidence to show that the word "space," as used in the sentence "The lessor will supply light, heat, elevator service and space," may have referred to space upon the outer walls of the building for the placing of electric or other signs, or it may have referred to window space, or to space upon windows on which the defendant might place signs.

In view of this evidence the word is not necessarily to be rejected as meaningless, but can be given full force and effect. Besides, the plaintiff offered to show that it referred only to space on the first floor specifically described in the agreement for lease. Whether this word was intended to apply to some part of the building or otherwise, still the judge was warranted in finding that it did not give to the defendant a right to occupy any portion of the basement. As it cannot be found that the findings were clearly wrong, it follows that the decree must be affirmed.

*So ordered.*