SIMON GOLDSMITH *vs.* TRAVELER SHOE COMPANY.

Suffolk. January 12, 1920. — May 27, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Practice, Civil,* Election at trial, Exceptions. *Election. Malicious Interference. Actionable Tort.*

Where the trial of an action, founded upon contentions by the plaintiff that the defendant wrongfully occupied premises owned by the plaintiff knowing that by so doing he was preventing the plaintiff from making a lease of them, proceeded, by reason of statements by the plaintiff's counsel and statements by the trial judge assented to or treated with silence and without objection by the plaintiff's counsel, as upon a claim for damages resulting from a malicious interference with the contract of letting about to be executed, and a verdict was ordered for the defendant, it is not open to the plaintiff, upon an exception to the ordering of the verdict, to contend in this court that he was entitled to go to the jury on a claim for trespass.

The owner of a building cannot maintain against a lessee of a portion thereof, who, under a claim of right but wrongfully, is occupying a part of the basement under the premises leased to him, an action for malicious interference, through persistence in wrongful occupancy of the space in the basement, with the making by the owner of a contract of letting of another portion of the building to a third person who required the space for his use, where it appears that the only information that came to the defendant concerning the negotiations of the plaintiff with the third party was of a proposed contract which could not be completed unless the defendant agreed to the relinquishment of certain rights, admittedly his, through certain changes in his lease.

An exception to the exclusion of a question put to a witness will not be sustained where it does not appear what answer to the question was expected.

TORT. Writ dated October 22, 1915.

The declaration contained allegations that on March 25, 1914, and thereafter until the date of the writ in this action, the defendant, without the consent and against the will of the plaintiff, entered and was upon a certain portion of a building belonging to the plaintiff at the corner of Washington Street and Ruggles Street

in Boston, which portion consisted of certain space in the basement partitioned off and used by the defendant as a storeroom for its stock in trade and other things; that the defendant, though requested by the plaintiff to vacate the space, continued to occupy the same; that, while the defendant was occupying the space, the Colonial Amusement Company offered to rent the building for a term of years, provided the space in the basement should be included in the premises leased; that the plaintiff informed the defendant that the plaintiff would be prevented from taking advantage of such offer if the defendant continued to occupy the space in the basement, and that the defendant, knowing and believing, and having reasonable cause to believe, that its occupancy of the space in the basement was wrongful, and knowing that such wrongful occupancy by it was likely to and would prevent the plaintiff from making such lease, wrongfully, maliciously, and unjustifiably, and with the intent and purpose to prevent the plaintiff from making the lease, continued to occupy the space in the basement, and thereby prevented the plaintiff from making such lease.

The action was tried in the Superior Court before *White*, J. The material evidence is described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*S. Sigilman*, for the plaintiff, submitted a brief.

*A. K. Cohen*, (*M. E. Bernkopf* with him,) for the defendant.

CARROLL, J. On March 12, 1913, by a decree entered in a suit in equity brought by the defendant against Henry A. Koch and others, the defendant acquired a leasehold interest in the building at the corner of Washington and Ruggles streets in the Roxbury district of Boston. The lease was not executed as required by the decree, and within twenty days from its date a certified copy of the instrument annexed to the decree was filed in the registry of deeds. *Traveler Shoe Co.* v. *Koch*, 216 Mass. 412. The lease provided that the lessors were to furnish "light, heat, elevator service and space." The defendant went into occupation of the premises and took possession of certain space in the basement which it used as a store room. On March 24, 1914, Goldsmith, the plaintiff, brought a suit in equity against the defendant, alleging that it was a trespasser in occupying this space. In the Supe-

rior Court, on June 14, 1914, a decree was entered for the plaintiff, and the defendant appealed. In the Supreme Judicial Court the decree was affirmed and a final decree was entered on July 21, 1915. The defendant paid the damages and costs awarded. See *Goldsmith* v. *Traveler Shoe Co.* 221 Mass. 482.

There was evidence that from January to August, 1914, negotiations were carried on between the plaintiff and the Colonial Amusement Company (hereafter called the Company) respecting the lease of the entire building, a part of which was to be used as a theatre, the parties contemplating a lease for the term of twenty years, at an annual rental of $20,000, to begin on September 1, 1914; and that a written agreement to this effect was drawn up but was not signed. In August, 1914, after the decree had been entered in the Superior Court in favor of Goldsmith and it was learned that the defendant had appealed, negotiations were ended, the lease was not executed, and subsequently a lease of the building was made to a third party at a much lower rental.

Thereupon this action of tort was brought by the plaintiff, alleging that the defendant continued wrongfully to occupy the space in the basement which was a part of the premises to be leased to the Company; that the defendant was informed that, if it did not vacate, the plaintiff could not take advantage of the proposal made by the Company; that, with knowledge of this fact, with the intent to hinder the plaintiff from leasing the building, the defendant continued its occupation and thereby prevented the plaintiff from carrying out the proposed agreement with the Company.

The plaintiff contends he can recover damages because of the continuation of the trespass after March 24, 1914, — the date of the suit in equity of *Goldsmith* v. *Traveler Shoe Co., supra,* and also because the defendant wrongfully and maliciously prevented him from making the lease to the Company. In the Superior Court by order of the trial judge a verdict was entered for the defendant, and the plaintiff excepted.

1. The trial proceeded on the ground that the plaintiff was seeking to recover damages because of the defendant's malicious interference with the contract about to be executed with the Company. It was understood that for this reason alone damages were sought and no question of trespass was brought to the court's

attention. At the beginning of the trial the defendant's counsel stated he assumed the plaintiff sought to recover for the interference with the plaintiff's contract rights and that no claim was made for damages by trespass. After the plaintiff's counsel stated his claim, the judge said that under the declaration the plaintiff could recover for malicious interference with the contract he was about to make. To this the plaintiff apparently assented. No objection was made by him and it was not suggested that he expected to recover for any other cause except that stated by the judge. During the course of the trial statements were made by the judge indicating that the only basis upon which recovery was sought was the interference with the contract, and nothing was said to correct this understanding. At the close of the evidence the judge in allowing the defendant's motion that a verdict be ordered for it, said that the only question open was the malicious interference with the unexecuted contract and that the evidence was insufficient to support a finding for the plaintiff. To this statement no objection was made, the plaintiff merely excepting to the allowance of the defendant's motion. The question of the defendant's trespass and the right to recover therefor is not now open to the plaintiff. *Edwards* v. *Carr*, 13 Gray, 234, 238. *Lafrance* v. *Desautels*, 225 Mass. 324, 328, and' cases cited.

2. The plaintiff contends that there was evidence that the defendant knew of the proposed lease from the plaintiff to the Company, and by continuing to occupy the space in the basement, prevented its execution. The defendant contended that under the terms of the lease it was to be supplied with room in the basement and that the space occupied by it was enclosed by uprights and a wire netting erected by one of the lessors who pointed out this place to the defendant for its use. It was found that the permission to occupy this portion of the basement was a license, and revocable, and it was decided that the word "space" was too indefinite to pass as part of the demised premises any inclosure in the basement. While the defendant was in possession of this portion of the basement, claiming to hold under the express provisions of the lease and the agreement made with one of the lessors, the plaintiff began negotiations for the lease of the entire building to the Company, the lessee desiring to use a portion for a theatre. It was claimed that the section of the rear of the base-

ment held by the defendant came directly under the stage, and that to carry out the plan of the lessee it was necessary to have the exclusive control of the rear of the basement, including the part occupied by the defendant.

The building was constructed for use as a department store, with a single passageway, leading to the different departments, from which there was an entrance to the defendant's store. The defendant's lease provided that the northeasterly portion of the premises was along the centre of this aisle or passageway and it was to be kept open for the use of the lessee and the other tenants, "as it now exists." One of the parties who was interested in securing the lease from Goldsmith testified, "that if they could have got the basement they would have signed the lease anyway and then arranged the location on the first floor." He admitted, however, that the proposed changes would have to be made according to the building laws of Boston, requiring the construction of a fire wall which would wholly separate the defendant's store from the other parts of the building. The building could not, according to the evidence of the architect, be used for a theatre without closing the entrance to the defendant's store from the passageway and taking away its display window. The changes involved the opening of a new entrance on Washington Street, constructing a stairway from the store to the front of the basement, and in other ways depriving it of its leasehold interest.

No contract between the plaintiff and the Company was executed. The parties were merely arranging the terms of a proposed contract. The only information given the defendant that it was interfering with the completion thereof came from an agent of the plaintiff, who sought to make an agreement with the defendant so that the proposed contract could be carried out. The witness understood that in order to do this a separate entrance would be made on Washington Street to take the place of the entrance from the passageway, a stairway constructed from the store to the basement, and the store shut off from the remainder of the building.

The defendant was in occupation of the basement before the plaintiff and the Company began to treat with each other, and held the premises, as it supposed, under a lease. Its rights were then in litigation and were not finally determined. Without con-

sidering whether there was any evidence that the defendant's acts under the facts disclosed were malicious or caused the abandonment of the proposed contract (see *Beekman* v. *Marsters*, 195 Mass. 205) and without deciding the other objections to the plaintiff's right to recover (see *Butterfield* v. *Ashley*, 6 Cush. 249; *S. C.* 2 Gray, 254), it is sufficient to say that the defendant had no knowledge that the mere possession of the basement would result in injury to the plaintiff's contract rights. In order to show that the defendant maliciously prevented the performance of the agreement between the plaintiff and the Company, it was essential to prove that it had knowledge of the contract in question. As stated in *McGurk* v. *Cronenwett*, 199 Mass. 457, 461, "A defendant who has not been guilty of conduct otherwise actionable ought not to be held liable for having brought about, though wrongfully and without cause, the breach of a contract of which he had no knowledge." See *Morgan* v. *Smith*, 77 N. C. 37. The only information that came to the defendant concerning the negotiations of the plaintiff and the Company, was of a proposed contract which could not be completed unless the defendant agreed to certain changes in its lease. Its consent to these changes was essential, and without it the agreement could not be executed. This was the only contract which was called to its attention and of which it had any knowledge, and it had no notice that the mere retention of storage space in the basement would interfere with the proposed contract. In these circumstances, by refusing to agree with the plaintiff to a change in the lease, and in refusing to surrender its rights thereunder, there was nothing to show that it maliciously prevented the fulfilment of the contract or maliciously interfered with the plaintiff's rights.

3. Certain questions were put by the plaintiff which were excluded. No offer was made showing the answer expected. It does not appear that the plaintiff was in any way prejudiced by this exclusion. *Lee* v. *Tarplin*, 183 Mass. 52, 54. *Bachant* v. *Boston & Maine Railroad*, 187 Mass. 392, 396.

*Exceptions overruled.*