STATE v. CHARLEY FOSTER.

(Filed 2 January, 1929.)

**Intoxicating Liquor — Possession — Constructive Possession — Presumptions.**

> The mere fact that a pint of intoxicating liquor was found in a basement of a building leased by the defendant, with evidence that the basement was not actually or constructively in the possession of the defendant, is not alone sufficient to raise the presumption of the unlawful possession by the defendant of such liquor, and an instruction to that effect is reversible error to the defendant's prejudice.

CRIMINAL ACTION, before *Moore, J.,* at July Term, 1928, of HAYWOOD.

The defendant was indicted for violation of the prohibition law. At the close of the evidence the solicitor announced that he would ask for a conviction on only two counts in the bill, to wit, sale and possession of intoxicating liquors. The jury returned a verdict of not guilty as to selling whiskey but guilty under the count charging possession. Thereupon the defendant was sentenced to serve a term of six months on the roads.

The witness for the State, who made the search, testified as follows: "I found a pint of whiskey in the basement under his store, and it was buried in the dirt. . . . I found a number of empty bottles and a number of places where they had been scratched out that day. . . . I didn't find any whiskey in his house. I found this in the basement. I don't know who the building belongs to and I don't know if he is in possession of the basement. You enter this basement from the outside and not from the store. You enter it from the side of the building, and there is a trail from the front door to the basement door around the side of the building. From the room where he conducts his business you can't get into the basement. . . . As well as I remember there is an old cook stove in that basement, but I didn't see any other rubbish and stuff in there. I don't know if Charley Foster has any goods or merchandise that he sells down there, it had been used a pretty good deal that day after the rain. The door was locked and I don't know who had been in there. . . . I pulled the lock off, just took it and jerked it two or three times and it came unlocked."

From the judgment pronounced the defendant appealed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Morgan & Ward for defendant.*

BROGDEN, J. The following instruction was given the jury: "The court instructs you that the defendant being there in possession of that house is a presumption that he was in possession of the whole building. Until that presumption is rebutted or removed that presumption is against him. The State having satisfied you beyond a reasonable doubt that he was in possession of that store room, then the presumption is that he was in possession of the whole building. The State does not have to prove negative testimony, does not have to prove that somebody else owns the basement or has charge of it, but the law presumes that he, being in possession of the store would be in possession of the entire building."

The question of law presented by the foregoing instruction is this: "Does the law presume that the lease of a store room necessarily includes the basement and other portions of the building?"

It is not necessary in order to decide this case to ramble in the legal field of presumptions. There is in the North Carolina Law Review of June, 1927, an interesting and instructive article on this subject. Dean McCormick, of the University Law School, the author, declares: "One ventures the assertion that 'presumption' is the slipperiest member of the family of legal terms, except its first cousin, 'burden of proof.' A Missouri lawyer said that presumptions were 'bats of the law flitting in the twilight, but disappearing in the sunshine of actual facts.'"

The law does not presume the terms of a lease, unless, of course, the lease is made under statutory authority and purports to comply therewith. The general principle established by the decisions of the courts is to the effect that a lease covers the property actually described therein, together with such other property as may be necessary for the beneficial use and enjoyment of the property leased. 36 C. J., 29. *Florgus Realty Corporation v. Reynolds,* 187 N. Y. S., 188; *Goldsmith v. Traveler Shoe Co.,* 109 N. E., 394.

The evidence does not disclose that the defendant was in either actual or constructive possession of the basement of said store, nor does it appear what the terms of the lease were. Neither does it appear that the use of the basement was reasonably necessary for the beneficial enjoyment of the store.

Under these circumstances the charge of the trial court was too broad, and the exception of the defendant thereto is sustained.

New trial.