# D. S. FOY, ADMX.,

v.

# CENTRAL VERMONT R. R. CO.

CHITTENDEN COUNTY, 1893.

Before:  ROSS, CH. J., ROWELL, MUNSON AND START, JJ.

*Counsel may waive point in argument.   Charge of court
in accordance.   Certificate of presiding
judge in exceptions.*

1.  If counsel in the argument abandon a point which the evidence tends to support, the court is justified in omitting that view of the case in its charge.

2.  If the presiding judge states in the exceptions that from the course of the trial, the evidence, the closing argument for the defence, although it was not conceded in express words, he understood and therefore certifies that the defendant admitted on the trial that the plaintiff was entitled to recover if the jury found certain facts, that certificate is conclusive upon the supreme court.

Case for the negligence of the defendant, resulting in the death of the plaintiff's intestate.  Plea, the general issue. Trial by jury at the April term, 1892, TAFT, J., presiding. Verdict and judgment for the plaintiff.  The defendant excepts.  The opinion states the case.

*C. W. Witters* and *C. A. Prouty* for the defendant.

The court certifies that he "understood the defendant to

abandon the point made by its evidence." The question is not what the court understood, but what the defendant did in fact concede. In order to bind a party his concession must be an explicit one. Thomp. Trials s. 201.

*Stewart & Wilds* and *E. R. Hard* for the plaintiff.

The exception of the defendant to the refusal of the court to comply with its request, which was wholly out of time, did not fairly inform the court of what is now claimed to have · been its error. *Wilmot* v. *Howard*, 39 Vt. 447; *Goodwin* v. *Perkins*, 39 Vt. 598; *Murdock* v. *Hicks*, 50 Vt. 683.

TYLER, J.   The declaration was in case for negligence, "for that the defendant furnished him (the intestate) and put him as such servant in charge and management of a certain car, which, as the defendant well knew, was unsafe and wholly unfit for use, and was not equipped or provided with sufficient, proper and safe appliances for braking and stopping," whereby the intestate was thrown from the car and killed.

The plaintiff did not claim at the trial that the car was defective otherwise than in respect to its brake.   The burden was upon her to show that the brake was defective, that the defendant knew it, or that the defects were of such a character that in the exercise of ordinary care and prudence it ought to have known of their existence, and that the defects occasioned the accident.

The exceptions state that the plaintiff's evidence tended to show that the brake was defective in several particulars, and that while attempting to work it the intestate was thrown from the car in consequence of such defects, while that of the defendant tended to show that the brake was not defective; that if the defects claimed had existed, they could not have occasioned the accident; that the car had not reached the

point where it was the duty of the intestate to apply the brakes, and that from the manner in which he was seen to fall from the car, and the position in which he was found lying upon the ground, it was probable that he was seized with and fell from dizziness, to which he was subject.

Evidence was introduced by the defendant which tended to show that the car had been so recently built, and, until near the time of the accident, so frequently inspected, that the defendant was not in fault if it was then defective in the respect claimed; that the guard pins, which were designed to keep the brakes upon the wheels and prevent their slipping, would sometimes get loose and drop out by the shaking of the car when in motion, which in this case might have happened so short a time before the accident that the defendant was in no fault. If the brake was defective it was a question for the jury to determine, unless waived, whether the defendant knew or ought to have known it.

It is not unusual, however, for counsel in the trial of causes to introduce evidence tending to support propositions which they afterwards expressly or tacitly abandon. A point need not be expressly waived by counsel to warrant the omission of it by the court in his charge. It is sufficient if the charge is in accordance with the views expressed by the excepting party's counsel in argument. It is hardly necessary to add that what is said should be explicit enough to warrant the court in understanding that counsel waive or concede the point. *Wilmot* v. *Howard*, 39 Vt. 447; *Goodwin* v. *Perkins*, 39 Vt. 598.

The defendant's counsel now insist that they did not abandon the claim that it must be found that the defendant knew or ought to have known of the defect, and that the court erred in withdrawing that claim from the consideration of the jury.

The last paragraph of the charge is as follows: "To justify a verdict for the plaintiff, you must find that the

brake was defective, and that Foy's death was occasioned by reason of such defect. You must find both points as I have stated. There is no controversy between the parties as to this rule. They agree substantially in respect of it, and it must be upon those questions that you find a verdict for the plaintiff. You must find them both established."

The defendant's counsel are presumed to have heard this instruction. They took no exception to it, and made no suggestion to the judge that he had not called the attention of the jury to all the points relied upon in defence.

Viewed in the light of the paragraph just quoted, the first sentence which the defendant's counsel have copied from the charge into their brief would seem to be a general statement of the facts that must be *established* to entitle the plaintiff to recover. In the other sentence copied the judge seems to have told the jury what they *must find* to warrant such a recovery. The statement that they must be satisfied that the brake was defective seems merely to specify in what respect the defendant must be found negligent.

After deliberation the jury came in and asked the court this question: "In case we find that the death of the plaintiff was caused by a defective brake, are we to decide whether the defendant was negligent or not?" The defendant's counsel then submitted this written request to charge: "We request the court to instruct the jury in answer to their inquiry, that if they find from the evidence that the defendant did not allow the car to leave a terminal point in a defective condition; that if it got out of repair after leaving such terminal point, without the knowledge of the defendant, it is not liable; that the burden is upon the plaintiff to show negligence in this particular." Under the rule the judge was not bound to regard this request. *Cady* v. *Owen*, 34 Vt. 598. It was his duty, however, to state the law correctly in reply to the question of the jury. He should have embodied in his reply the point now contended for unless

that point had been waived by defendant's counsel.   The
exceptions state that the plaintiff's counsel objected to the
defendant's request as being out of time, and also because
"it had been expressly conceded by the defendant in the
argument to the jury that the plaintiff was entitled to recover
if the jury should find the brake defective, and that the
defect was the cause of Foy's death."   The court then
replied to the jury as follows:   "I have told you that it
was the duty of the defendant to furnish a suitable car
with a suitable brake upon it."   The evidence does not
disclose the history of the car for a few days prior to the
accident, nor when the car brake became defective, if it was
so.   There is no testimony tending to show when it became
out of repair, but as I understand the trial the defendant
did not claim but that it is liable, if the brake was defective.
You have heard what the counsel claim upon that point, and
in this respect, if you find that the brake was defective and
Foy's death resulted from it while he was in the exercise of
due care, you can return a verdict for the plaintiff."

It does not appear that the defendant's counsel denied the
statement made by the plaintiff's counsel that one point "had
been expressly conceded," nor attempted to correct the un-
derstanding of the court.   They merely excepted to the refu-
sal of the court to charge as requested, and to the charge as
given.

The presiding judge has made this certificate in the bill of
exceptions:   "Considering the course of the trial, the evi-
dence, the closing argument of the counsel for the defence,
although it was not conceded in express words, I understood
and therefore certify that it was admitted by the defendant
upon trial, that if the brake was defective and the death of
Foy was occasioned by the defective brake, the plaintiff was
entitled to recover."

The law makes it the duty of the presiding judge to cer-
tify the exceptions, and this court must consider the cause as

it is presented by the record.  It cannot go outside and consider facts not certified; it has no power to amend the record; that power belongs to the county court.  *Murdock* v. *Hicks*, 50 Vt. 683.

If we had the right to look into the record we have not before us all the elements which the judge had in making his certificate.  The closing argument of defendant's counsel is not made part of the exceptions, and cannot be considered by us.

*Judgment affirmed.*