MARGARET K. EWALD vs. LOUIS W. EWALD.

Suffolk.    September 10, 1914. — October 24, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Marriage and Divorce.*

A woman, who for the purpose of evading the effect of the prohibition contained in R. L. c. 152, § 21, procured her marriage, with a man against whom his former wife had obtained a divorce in this Commonwealth, to be solemnized in another State before the expiration of two years after the decree of such divorce had become absolute, both she and her husband being residents of this Commonwealth and intending to return and reside here, which they did, cannot maintain a libel to annul her marriage on the ground that it was void under R. L. c. 151, § 10; as she will not be permitted to make her wrongful conduct the ground of her application for relief from its consequences.

LIBEL, filed on December 11, 1913, for an annulment of marriage on the ground that, at the time of the marriage of the libellant to the libellee, two years had not elapsed from the time of the entry of a final decree of divorce upon a libel against the libellee brought by his former wife, and that the libellant and the libellee, for the purpose of evading the prohibition contained in R. L. c. 152, § 21, procured their marriage to be solemnized in the State of New Hampshire, intending to return to this Commonwealth and reside here, which they did.

In the Superior Court the case was heard by *Wait*, J. At the hearing, the petitioner offered evidence that the libellee, Louis W. Ewald, had been married previously to one Louise E. Ewald; that Louise E. Ewald on October 18, 1909, had filed a libel for divorce in the Superior Court for Suffolk County against Louis W. Ewald, alleging gross and confirmed habits of intoxication; and that on March 29, 1910, a decree *nisi* was entered on that libel, which decree became absolute on September 29, 1910.

The libellant testified in her own behalf that she married the libellee, Louis W. Ewald, in New Hampshire on October 1, 1910; that previous to such marriage she consulted her counsel, John Noble, Esquire, as to whether if she and Ewald were married in this Commonwealth such marriage would be legal; that Mr. Noble advised her that Ewald could not marry lawfully in Massa-

chusetts within two years from the date when the decree on his wife's petition became absolute and that a marriage contracted with him in Massachusetts within that time would be illegal; that thereafter she and the libellee talked the matter over and determined to go to New Hampshire and have their marriage solemnized there; that such determination was made on her part for the purpose of evading the prohibition of the Massachusetts law and returning thereafter to reside in Massachusetts; and that in her talks with the libellee he stated that such was his intention; that the marriage between her and the libellee was contracted in New Hampshire pursuant to such determination; and that at the time of such determination and marriage both she and the libellee were residents of Boston.

The libellant also called as a witness Mr. Noble. He testified that on February 2, 1910, the libellant consulted him as to her intended marriage with the libellee; that upon learning of the facts as to the pendency of the libel which had been brought by Louise E. Ewald against the libellee, he advised her that, if a divorce were granted to Louise E. Ewald, the libellee could not remarry legally within this Commonwealth until two years after such decree became absolute; that she then mentioned the possibility of evading that prohibition by going into another State and being married there; and that he advised her against that course although expressing the opinion that such a marriage would be valid.

This was all the material evidence offered in behalf of the libellant. The libellee did not appear, and the libel was uncontested. Proof of notice by registered mail having been given, the judge ordered that the libellee be defaulted. Being of the opinion that upon the foregoing evidence the libellant was not entitled to a decree of nullity, he dismissed her petition, and at her request reported the case for determination by this court.

*J. Noble & S. Vaughan,* for the libellant, submitted a brief, contending that the libellant's marriage was void under R. L. c. 151, § 10, and that on the authority of *Tyler* v. *Tyler,* 170 Mass. 150, and *Whippen* v. *Whippen,* 171 Mass. 560, the courts were required to give effect to the statute without regard to the motive that had actuated the libellant in having the ceremony performed in another State.

No brief was filed for the libellee.

SHELDON, J.  We do not find it necessary to determine whether there was a valid marriage between these parties.  The petitioner rests her case upon the allegation that she acted with the deliberate intention of evading the laws of this Commonwealth, in which she was and has continued to be resident.  She not only comes into court with unclean hands, but she makes her wrongful conduct the very ground of her application for relief from its consequences.  The court will leave her in the position in which she has chosen to place herself.

It is true that there has been some contrariety of decision as to this question in different courts; but we prefer to follow the rule laid down in a somewhat similar case in New Jersey and by the Supreme Court of New York in a case upon all fours with this.  *Rooney* v. *Rooney,* 9 Dick. 231.  *Kerrison* v. *Kerrison,* 60 How. Pr. 51.  The question was fully examined in the former of these two cases, with a sufficient citation of authorities; and we are content to rest upon that decision.

The order dismissing the petition must be affirmed.

*So ordered.*