ARTHUR J. PAYZANT *vs.* RUTH E. PAYZANT.

Suffolk.    October 10, 1929. — October 10, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Marriage and Divorce*, Waiver of defence to libel. *Waiver. Probate Court*, Jurisdiction, Petitioner's clean hands.

The libellee in a divorce libel, at the hearing of which in a probate court the libellee was represented by counsel who did not there contend that the court had no jurisdiction of the case because there had been no legal

marriage of the parties to the libel nor then present such facts, has no standing, after a decree for the libellant with custody of minor children has become absolute, to maintain a petition for a review of the libel and a vacation of the decree, especially when it appears that the illegality, if any, in the marriage was due to the deceit of the petitioner and that the respondent was innocent.

PETITION, filed in the Probate Court for the county of Suffolk on November 21, 1928, for a review of a libel for divorce, which had been filed by the respondent and upon which a decree had been entered *nisi* on January 21, 1927, which had become absolute on July 21, 1927.

The petition was heard by *McCoole*, J., and by his order a decree was entered dismissing it.    The petitioner appealed.

The case was submitted on briefs.

*J. F. Farley*, for the petitioner.

*J. H. Coakley*, for the respondent.

BY THE COURT.    This is a petition for review of a libel for divorce brought by the respondent as libellant against the petitioner as libellee, wherein decree *nisi* with custody of their minor child to the libellant was granted on January 21, 1927.    The ground set forth in the petition is that the court was without jurisdiction to enter such decree because there was no legal marriage between the parties.    The report of facts by the trial judge shows that the illegality, if any, in the marriage was due to the deceit of the petitioner and that the respondent was innocent.    The court had jurisdiction of the libel for divorce, and it had jurisdiction of both parties.    The petitioner as libellee in that proceeding was represented by counsel at the trial of the libel for divorce.    There was no fraud in the divorce proceedings nor in the entry of the decree *nisi*.    The facts now relied upon by the petitioner were not presented to the court at the trial of the libel for divorce.    At most, they may have constituted a defence to the libel; they did not affect the jurisdiction of the court to pass judgment on the libel. Whatever defence, if any, the petitioner may have had to the libel was waived by him, and he is now foreclosed. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 40, 41.    *Matter of Ulmer*, 268 Mass. 373, 394.

The wrongful conduct of the petitioner is the ground for the relief he seeks. He is in no position to invoke the aid of a court of justice. *Ewald* v. *Ewald*, 219 Mass. 111. *Chapman* v. *Chapman*, 224 Mass. 427, 434. Consideration of other points is unnecessary.

*Decree dismissing the petition affirmed.*