VICTORIA KOLASINSKI & others *vs.* JOHN PACZKOWSKI & others.

Franklin.   September 18, 1940. — October 29, 1940.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Estoppel.*

A defendant in a bill in equity based in part on averments of fraud as to a deed of the plaintiff to him, because he relied at a master's hearing upon a claim of title as purchaser at a foreclosure sale of an earlier mortgage

to such an extent that the master was led to believe that he had abandoned any claim under the deed and therefore made no finding on the issue of fraud, and because he allowed the master's report to be confirmed without objection, was estopped, upon appeal from a final decree for the plaintiff, from asserting that, because there had been no finding that the deed was void for fraud, it should be treated as valid and that he had title under it.

BILL IN EQUITY, filed in the Superior Court on August 14, 1939.

The suit was heard by *Baker*, J.

*M. E. Torrey*, for the defendants, submitted a brief.

*H. J. Field*, for the plaintiffs.

QUA, J. This suit may be described briefly as a suit to establish a constructive trust for the benefit of each of the plaintiffs to the extent of her undivided share in a farm in Shutesbury the title to which now stands in the names of two of the defendants subject to a mortgage given by them to the third defendant to secure preëxisting debts. No contention is put forward that this defendant is an innocent purchaser for value. See *Goodwin* v. *Massachusetts Loan & Trust Co.* 152 Mass. 189, 198, 199. Am. Law Inst. Restatement: Trusts, § 305. The defendants appeal from a decree in favor of all of the plaintiffs.

The facts have been found by a master. The plaintiffs are the six daughters, and the defendants (except the present mortgagee) are the two sons of Frank Paczkowski, a widower, who died seized of the farm on December 22, 1937. The farm was then subject to a mortgage to one Hunt. The deceased had attempted to make a will leaving it to his sons, but the will had never been duly executed, and upon his death the farm, subject to the Hunt mortgage, descended to all of his children as his heirs at law. Upon discovering that the purported will was invalid, the sons had a quitclaim deed prepared "so that the other children could convey their respective interests to them [the sons] and thus accomplish what had been intended through the unwitnessed instrument." Three of the daughters "were grantors" in this deed. They and their husbands executed the deed, and one of them acknowledged it. The other three daughters were not "parties grantors."

The plaintiffs allege in their bill that those of them who signed this quitclaim deed were induced to do so by fraudulent representations of their two brothers to the effect that the purported will was valid. Early in 1938 Hunt, the then mortgagee, demanded payment of the mortgage and, no payment being made, on July 2, 1938, foreclosed the mortgage in good faith under the power contained in it. The two defendant sons bought at the sale and took a mortgagee's deed of the property. Each plaintiff offers to pay "her ratable share of the mortgage obligation" to reimburse the defendants "for any legal outlay on account of same."

The defendants concede that after the foreclosure they hold the farm subject to a constructive trust for the benefit of those of the original tenants in common who did not sign the deed. See *Hurley* v. *Hurley*, 148 Mass. 444; *Barnes* v. *Boardman*, 152 Mass. 391; *Fiske* v. *Quint*, 274 Mass. 169. Cases are collected in 54 Am. L. R. 891. Since this point is conceded, we do not decide or further discuss it.

But the defendants contend that as the master has made no findings of fraud in the matter of the quitclaim deed, those of the plaintiffs who signed that deed have lost all equitable claim upon the property. The difficulty with this contention is that the defendants are now estopped from asserting it. The master makes this finding: "Although much evidence was offered by both sides as to what was said and done at the time the deed was being executed, this probably is not so material since the sons, John and William, apparently did not rely on this deed but claimed title solely as purchasers at the foreclosure sale, which is dealt with later in this report." All parties waived objections to the master's report and consented to its immediate filing. No party appealed from the interlocutory decree confirming the report. The pleadings squarely raised the issue whether the quitclaim deed was obtained by the fraud of two of the defendants. There was "much evidence" which must have been directed to this point. Yet the report contains no findings upon it. Under these circum-

stances we feel compelled to construe the master's finding hereinbefore quoted as a finding that the defendants at the hearing before the master declined to litigate and abandoned their claim under the quitclaim deed and tried the case on the theory that their title depended upon the foreclosure deed. If the defendants were not satisfied with the master's finding as to the course of the hearing they should have filed objections to the report in accordance with Rule 90 of the Superior Court (1932) instead of allowing the report to be confirmed. *Lipsky* v. *Heller*, 199 Mass. 310, 313. Although the master does not expressly find that the defendant the present mortgagee did not rely upon the quitclaim deed, she is the wife of one of the other defendants and was represented by the same counsel who represented the other defendants, and she as well as they allowed the report to be confirmed without objection. We think it fairly inferable from the record that all of the defendants allowed the master to find the facts and to prepare his report and the report to be confirmed upon the theory that the issue depended wholly upon the title of the defendants derived through the foreclosure. The defendants cannot now insist that the final decree should be reversed upon a different theory as to which the master refrained from making any findings, deeming them, as he says, "not so material," probably because of the position taken by the defendants at the hearing. *Lincoln* v. *Lincoln*, 12 Gray, 45, 48. *Barker* v. *Loring*, 177 Mass. 389, 390, 391. *D'Almeida* v. *Boston & Maine Railroad*, 224 Mass. 452. *Tracey* v. *Osborne*, 226 Mass. 25, 30. *Anderson* v. *Beacon Oil Co.* 281 Mass. 108, 110. *Baggs* v. *Hirschfield*, 293 Mass. 1, 2.

The final decree should not have recited that the quitclaim deed was procured by fraud. A concession that title is not claimed under a deed is not equivalent to an admission of fraud, even though fraud is alleged. The defendants have not attacked the form of the decree in any other respect.

The time for payment into court by the plaintiffs of their proportions of the sums expended by two of the de-

fendants on account of the foreclosure should be extended until sixty days after the decree after rescript.

As herein modified the decree is affirmed with costs.

*Ordered accordingly.*