THOMAS J. MCKAY *vs.* FANNIE S. POLEP.

Middlesex.     May 11, 1942. — May 27, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Res Judicata. Judgment. Mortgage,* Of real estate: foreclosure. *Attorney at Law. Waiver. Land Court,* Waiver; Exceptions: what questions open.

A decision in a suit in equity, not reversed nor vacated, that the issues raised were res judicata by reason of previous proceedings, was binding on a party to the suit, whether correct or erroneous, and could not subsequently be attacked by him collaterally in a third proceeding.

In a proceeding to register title to land acquired by the petitioner's predecessor in title by purchase at a lawful sale in foreclosure of a mortgage, it was immaterial whether the petitioner was a purchaser for value from his predecessor or was merely a straw for him.

Conduct of counsel in asserting, in response to an inquiry by the trial judge as to what was his client's interest in real estate in issue in a proceeding in the Land Court, that such interest was as heir at law

of a previous owner, might be found to constitute a waiver of a claim by his client to an interest therein as holder of a tax lien.

A claim waived by a party at a trial in the Land Court could not be considered by this court in dealing with an exception by him to a ruling made by the trial judge with respect to another claim which was the only one relied on by that party at the trial.

PETITION, filed in the Land Court on September 12, 1941.

The case was heard by *Smith*, J.

*R. F. Kipp*, for the respondent.

*M. Klein*, for the petitioner, submitted a brief.

RONAN, J. This is a petition filed in the Land Court to register and confirm the petitioner's title to certain land in Everett. It appeared in evidence that the petitioner's title came through the foreclosure of a mortgage given on November 1, 1924, by Charles L. Polep to Joseph P. Manning. One Kerrigan, who purchased the property at the foreclosure sale on May 15, 1929, transferred the premises to Joseph P. Manning Company on December 12, 1929, and the latter conveyed the premises to the petitioner on May 27, 1941. The respondent, who is the widow and administratrix of the estate of the mortgagor, denied in her answer that the petitioner had any title and alleged that she had furnished the money for the purchase of the property the title to which stood in her husband's name at the time he mortgaged the property to Manning; that the said mortgage had not been signed by her husband or herself; that the mortgage had been paid and that a discharge thereof had been given by Manning to her husband. She also alleged that she held a tax lien on the premises. The judge found upon all the evidence that the petitioner had a proper title for registration and ordered a decree for registration. The respondent saved exceptions to rulings made by the judge during the hearing and to portions of his written decision.

The judge, who had before him the original papers in a suit brought on January 25, 1929, in the Suffolk Superior Court by the respondent as administratrix of the estate of her husband against Joseph P. Manning, found that these papers showed that "all these questions [i. e. the alleged

payment and discharge of the mortgage and its foreclosure]
were heard and settled in this case"; and that the judge
in that case made a finding on June 18, 1929, that there
was $5,000 due on the principal of the mortgage. The
plaintiff's appeal from a final decree dismissing the bill was
waived in this court on October 11, 1929. The respondent,
in 1934, brought a suit in her own name in the Middlesex
Superior Court against Joseph P. Manning. After a hear-
ing the judge found that "the mortgage which is the sub-
ject matter of the suit was also the subject matter of a suit
in equity between the same parties, filed in this court for
the county of Suffolk on January 25, 1929 and after hear-
ing . . . a decree was entered establishing the mortgage
and dismissing the bill. . . . [He ruled] that the issues in
the present bill are res judicata." He ordered the entry
of a decree dismissing the bill with costs. A third suit
was begun in Suffolk County by the respondent, as admin-
istratrix, against Joseph P. Manning and Joseph P. Man-
ning Company in which she claimed that the defendants
were indebted to the estate of her husband. The decree
dismissing this bill was affirmed in this court. *Polep* v.
*Manning*, 296 Mass. 29. The respondent, in 1940, filed a
petition in the Land Court against Joseph P. Manning
Company to foreclose a tax lien upon these premises. The
petition was dismissed after a hearing. The decision of the
Land Court was sustained in this court by a rescript sent
down May 16, 1941. 309 Mass. 552.

The petitioner's title came through the mortgage given
to Manning. The respondent attacked this mortgage and
its foreclosure in the suit brought by her in her own name
in the Middlesex Superior Court.. The petitioner was privy
in estate to Manning. The decision in that suit concludes
the respondent from again litigating any of the matters set
up in her answer attacking that mortgage. No contention
has been or could be made that the findings and order for
a decree made in that suit were not in due course followed
by a final decree dismissing the bill. What the respondent
now contends is that after her appeal in the previous case,
which she had brought in Suffolk County, had been waived

in 1929, no new decree was entered until 1936, and that, no final decree having been entered until after the Middlesex suit had been concluded, nothing decided in the first case could be properly considered as adjudicated at the hearing upon the later suit. The point although then open was apparently not raised in the second suit. *Renwick* v. *Macomber*, 233 Mass. 530. *New York Central & Hudson River Railroad* v. *T. Stuart & Son Co.* 260 Mass. 242. What the respondent is now attempting to do is to show that the decision in the second suit was erroneous. That decision cannot be impeached collaterally and, whether right or wrong, it is binding upon her as long as it stands and until it is reversed or vacated by appropriate proceedings brought for that purpose. The same rule applies to decrees in equity as to judgments at law. *Hendrick* v. *Whittemore*, 105 Mass. 23. *Joyce* v. *Thompson*, 229 Mass. 106. *Bremner* v. *Hester*, 258 Mass. 425. *Farquhar* v. *New England Trust Co.* 261 Mass. 209. *Long* v. *George*, 290 Mass. 316. *Sciaraffa* v. *Debler*, 304 Mass. 240. *Noyes* v. *Bankers Indemnity Ins. Co.* 307 Mass. 567.

The respondent called the petitioner as a witness. The judge, subject to the respondent's exception, excluded a question as to what the petitioner paid for the property. The judge then inquired what interest the respondent had in these proceedings, and counsel stated that she was a party in interest as an heir at law of her husband. The judge found that she was a statutory heir of her husband and that while she had not signed the mortgage she had not claimed dower. The respondent then offered to prove that the mortgage from Polep to Manning had been discharged in 1925 and the holders of the title beginning with the foreclosure sale, including the petitioner, were straws of Manning. The judge excluded the evidence offered and ruled that the respondent was not a party in interest. The discharge of the mortgage was not open for reasons already stated, and whether the petitioner was a purchaser for value or a straw of Manning was immaterial as the petitioner succeeded to the title acquired by the purchaser at a properly conducted foreclosure of the mortgage.

We are not certain from the bill of exceptions whether the tax lien alleged in the answer was the same lien that already had been found invalid by the Land Court on the petition filed on June 27, 1940, or whether it refers to another lien. If it was the subject matter of the previous decision in the Land Court, then, under the principles already adverted to, the respondent could not secure another trial upon the validity of that lien. If the answer referred to a different lien, then it was the duty of counsel to have advanced it as one of the grounds upon which the respondent based her claim that she was a party in interest. The claim was based upon an entirely different ground in the statements made by counsel to the judge and also in the offer of proof. The conduct of counsel in failing to rely upon the lien — if it was one other than the one already adjudicated invalid — binds the respondent, *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207; *Brocklesby* v. *Newton*, 294 Mass. 41; *Clifford Shoe Co.* v. *United Shoe Machinery Corp.* 297 Mass. 94; *Gurman* v. *Stowe-Woodward, Inc.* 302 Mass. 442; *Wedgwood* v. *Eastern Commercial Travelers Accident Association*, 308 Mass. 463, and could properly have been understood by the judge to have been a waiver of any defence based upon the alleged lien. *Barker* v. *Loring*, 177 Mass. 389. *Matter of Ulmer*, 268 Mass. 373. *Payzant* v. *Payzant*, 269 Mass. 70. *Kolasinski* v. *Paczkowski*, 307 Mass. 73. *Rock* v. *Rock*, 309 Mass. 44. The duty of the judge was performed when he ruled correctly upon the question presented, and an exception to such a ruling cannot be sustained upon a ground other than what purported to be the sole ground urged at the time the ruling was made. Consequently the validity of any alleged tax lien is not open. *Brown* v. *Brown*, 208 Mass. 290. *Rothwell* v. *First National Bank of Boston*, 286 Mass. 417. *Holt* v. *Mann*, 294 Mass. 21. *Kurland* v. *Massachusetts Amusement Corp.* 307 Mass. 131.

*Exceptions overruled.*