*R. W. King,* for the plaintiffs.

*R. H. Doran,* for the defendant.

CURTIS D. LEGGE *vs.* CARLTON B. TRACY & another. November 3, 1949. Order dismissing report affirmed. In this action of contract the plaintiff seeks to recover from the defendants a balance of $1,000 alleged to be due on the purchase price of a house and lot which the plaintiff sold to them. The judge made the following findings: "I find the plaintiff sold a house and a piece of land to the defendants at an agreed price of $11,000; that the defendants received a G. I. loan from the Boston Five Cents Savings Bank for the full amount of the purchase price; that at the time of passing papers there remained to be done some grading, some minor work on locks and doors, and some work in waterproofing the cellar, and $1,000 was withheld until this work should be completed; that this work has been satisfactorily completed and to the satisfaction of the mortgagee, but the defendants refuse to release the $1,000 withheld by the mortgagee or to pay the balance of the purchase price." The judge found for the plaintiff. Contending that they were aggrieved by the judge's denial of their requests for rulings numbered 2, 3, 4, 5, and 6, the defendants claimed a report to the Appellate Division. From an order of the Appellate Division dismissing the report the defendants appealed. There was no error. The evidence amply supported the judge's findings. The defendants' second request, namely, that the evidence was insufficient to warrant a finding for the plaintiff, was rightly denied. The judge was not obliged on the evidence to find that there had been a novation whereby the mortgagee was to be substituted for the defendants. The other requests need not be discussed; they were rendered immaterial by the judge's findings, and were rightly denied.

*N. Peikes,* for the defendants.

*B. G. Sykes,* for the plaintiff.

ROY E. BELCHER *vs.* VERA H. B. BELCHER. November 3, 1949. Decree affirmed. This is an appeal from a decree dismissing a libel for the annulment of the marriage of the libellant and the libellee contracted in Colorado on July 22, 1946, and within two years from December 29, 1945, when a decree of divorce obtained in Massachusetts by the former wife of the libellant became absolute. The libel alleges that the domicil of the libellant at the time of said marriage was in Massachusetts; that he intended to return and did return to Massachusetts after the marriage; and that he knew of the impediment to the marriage which existed in Massachusetts. See G. L. (Ter. Ed.) c. 207, § 10. There was no error in dismissing the libel. The case is governed by *Ewald* v. *Ewald,* 219 Mass. 111, where, as here, the libellant made his own wrongful conduct the ground of an application for relief from its consequences. See *Chapman* v. *Chapman,* 224 Mass. 427, 434; *Payzant* v. *Payzant,* 269 Mass. 70, 72; *Vital* v. *Vital,* 319 Mass. 185, 192; *Coe* v. *Coe,* 320 Mass. 295, 304.

*J. F. Lombard,* for the libellant.

*J. D. Ford,* for the libellee.