Joseph E. Korostynski, Junior *vs.* Theresa Josephine MacGillivray Winston Korostynski.

Hampden.    September 20, 1951. — November 1, 1951.

Present: Qua, C.J., Wilkins, Spalding, Williams, & Counihan, JJ.

*Marriage and Divorce,* Annulment.  *Equity Jurisdiction,* Declaratory relief, Plaintiff's clean hands.  *Declaratory Judgment.*

A petition under G. L. (Ter. Ed.) c. 231A seeking a declaratory decree that the petitioner and the respondent were not married to each other must be dismissed where the petitioner based his case in part on the fact that when they went through a marriage ceremony both were aware of a prior undissolved marriage of the respondent as an impediment to their marriage: the proceeding was in essence one for annulment, and the principle enunciated in *Ewald* v. *Ewald,* 219 Mass. 111, was applicable.

Petition, filed in the Probate Court for the county of Hampden on April 14, 1950.

The case was reserved and reported by *Stapleton,* J.

*E. L. Donnellan,* for the petitioner.

*J. C. Stothert,* for the respondent.

Spalding, J.    In what is described as a "Petition for Declaratory Judgment" the petitioner alleges the following: On February 24, 1946, the respondent contracted a lawful marriage with Calvin Roland Winston in this Commonwealth. On February 11, 1949, on a libel for divorce brought by the respondent in the Probate Court for Worcester County a decree nisi was granted to her. Seven weeks

later, namely, on April 1, 1949, the petitioner and the respondent went through a marriage ceremony before a justice of the peace at Seabrook, New Hampshire. At that time both were aware of the existence of an impediment to their marriage in that the decree dissolving the respondent's prior marriage had not become absolute. In the certificate of intention of marriage filed in New Hampshire the respondent falsely stated that she was unmarried and that the impending marriage was her first. The petitioner, who also signed the certificate of intention, knew that this statement was false. Since April 1, 1949, the date of their purported marriage, the petitioner and the respondent have not lived together as husband and wife. At Boston on May 7, 1949, the respondent gave birth to a child, of whom the petitioner was the father. The child now resides in this Commonwealth. After stating that a controversy exists between the parties as to the validity of. the New Hampshire marriage, the petitioner prays that a judgment be entered under G. L. (Ter. Ed.) c. 231A declaring the marriage ceremony of April 1, 1949, to be of no force and effect and that he and the respondent are not husband and wife.

The judge found the facts to be as stated in the petition. "Being uncertain whether or not the rule as expressed in *Ewald* v. *Ewald*, 219 Mass. 111 . . . applies . . . to petitions for declaratory judgment," he reported the case for the consideration of this court.

We are of opinion that the principle enunciated in *Ewald* v. *Ewald*, 219 Mass. 111, applies here and that the petition cannot be maintained. *Ewald* v. *Ewald* was a libel for the annulment of a marriage. In support of the allegations in her libel the libellant offered evidence that the libellee had previously been divorced in this Commonwealth on a libel brought by his former wife charging him with gross and confirmed habits of intoxication, and that the decree of divorce became absolute on September 29, 1910. The libellant testified that two days later she and the libellee, both being residents of this Commonwealth and intending

to return and reside here, contracted a marriage in New Hampshire, and that their purpose in being married in New Hampshire was to evade the prohibition contained in R. L. c. 152, § 21 (now G. L. [Ter. Ed.] c. 208, § 24). It appeared that following this marriage the parties resided in this Commonwealth. Ruling that on this evidence the libellant was not entitled to a decree of nullity, the judge dismissed the libel and reported the case to this court. In affirming the action of the judge this court stated that it was not necessary to determine whether there was a valid marriage between the parties, for the libellant by resting her case upon the allegation that she acted with the deliberate intention of evading the laws of this Commonwealth came into court with unclean hands and made "her wrongful conduct the very ground of her application for relief from its consequences." "The court," it was said, "will leave her in the position in which she has chosen to place herself" (page 113). The *Ewald* case was recently followed by this court in *Belcher* v. *Belcher*, 324 Mass. 757. Other cases in which its principle has been applied are *Chapman* v. *Chapman*, 224 Mass. 427, 434, and *Payzant* v. *Payzant*, 269 Mass. 70, 72.

It is plain that were the petitioner here seeking to have his marriage annulled by proceedings brought under G. L. (Ter. Ed.) c. 207, § 14, the libel could not be maintained. As in the *Ewald* case he would be making his "wrongful conduct the very ground of . . . [his] application for relief from its consequences." In essence, however the present proceeding may be described, the petitioner is seeking to have his marriage annulled. We think that he is in no better position to invoke the aid of a court than he would be in an annulment proceeding under G. L. (Ter. Ed.) c. 207, § 14. The case of *Carmichael* v. *Carmichael*, 324 Mass. 118, relied on by the petitioner, is not at variance with what is here decided. The point now presented was not raised or passed upon there. "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having

been so decided as to constitute precedents." *Vigeant* v. *Postal Telegraph Cable Co.* 260 Mass. 335, 344. *Killam* v. *March*, 316 Mass. 646, 649. *Detore* v. *McKinstery*, 322 Mass. 190, 191.

A decree is to be entered dismissing the petition.

*So ordered.*