JAMES N. DALTON *vs.* POST PUBLISHING COMPANY.

Norfolk. January 9, 1952. — April 8, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Practice, Civil,* Election, Waiver, Jury trial. *Election. Waiver. Law of the Trial.*

No abuse of discretion was shown in the allowance of a motion by a party to an action that he be "granted trial by jury" after he had seasonably claimed a jury trial and later had filed a waiver of his claim.

There was no error in a refusal by the trial judge to charge the jury, as requested by counsel for the defendant, respecting a certain defence which was open on the pleadings where the reason for the refusal, as stated by the judge to counsel for the defendant, was that the defendant had "chosen to rely upon" a different defence and such statement was not challenged by counsel for the defendant and was not shown by the record to have been unfounded.

CONTRACT. Writ in the Superior Court dated September 10, 1948.

The action was tried before *Kirk,* J.

*A. C. Blake,* for the defendant.
*E. J. Campbell,* for the plaintiff.

WILLIAMS, J. This is an action of contract in which the plaintiff, a former employee of the defendant, seeks to recover severance pay to which, he alleges, he is entitled as a result of being discharged from his employment. There was a verdict for the plaintiff. The exceptions of the defendant which have been argued are stated in the opinion.

The action was entered in the Superior Court on October 4, 1948, at which time the plaintiff filed a claim for trial by jury. On November 10, 1950, he filed a written waiver of this claim signed both by him personally and by his attorney. On January 2, 1951, he moved that he be "granted trial by jury." The motion was allowed and the defendant excepted. There was no error. The record discloses nothing to warrant a conclusion that the discretion

vested in the judge was abused. G. L. (Ter. Ed.) c. 231, § 60. *Dolan* v. *Boott Cotton Mills*, 185 Mass. 576, 578. *Gouzoulas* v. *F. W. Stock & Sons*, 223 Mass. 537, 538. *Solomon* v. *Boylston National Bank*, 269 Mass. 589, 592.

The plaintiff had been employed by the defendant, the publisher of a newspaper in Boston, since 1919, and after 1926 was a bookkeeper in the circulation department of which one Gray was in charge. The plaintiff testified as follows. On the morning of February 9, 1943, he was not feeling well and telephoned Gray that he was going to stay out. Gray asked him what was the matter and he told Gray that he was going to the Quincy court in connection with some litigation regarding his father's estate. On the following day when he reported for work Gray said that he had checked with the Quincy court and found that the plaintiff had not been there. Gray said, "That was a lie, wasn't it?" and the plaintiff replied, "Yes, I hadn't been there, and that was a lie." Gray then said, "You have outlived your usefulness with this company, and you are fired." He added that it "might give me a better record with the company if I resigned." On the same date, he wrote a resignation in longhand reading, "I herewith tender my resignation, to take effect immediately," signed it, and left it with Gray.

Gray testified that after the plaintiff had admitted lying he, Gray, said, "Your record is terrible. You have been neglecting your work and . . . on top of that to have you do this. . . . That's a gross misconduct, neglect of your job." The plaintiff said, "Am I going to be fired?" Gray said, "I don't know, but you ought to be," and "with that he left my office." The plaintiff returned in two or three minutes with the resignation and, after some talk, Gray said, "I accept it."

The defendant offered evidence that the plaintiff's work had been unsatisfactory for some time, that he was behind in his work on occasions, that he was absent more than he should be, that he did not seem to be interested in his employment as much as he should be, that he came in late

quite frequently and would take considerable time for his lunch, and that when the plaintiff left on February 10, 1943, the six months' circulation report was not in good shape.

At the time when the plaintiff left the defendant's employment there was an existing contract between the defendant and an organization of its employees of which the plaintiff was a member providing as follows: "An employee, after three years of continuous service, upon dismissal, but not upon resignation, shall become entitled to receive severance pay on the basis of two weeks pay, at the rate of salary at time of discharge, for each year of his service up to a maximum payment of thirty weeks pay. Any employee discharged for gross neglect of duty or for gross misconduct, shall receive no severance pay but in such case he shall be entitled to a written notice of his discharge, stating the cause of his dismissal, if requested in writing within forty-eight hours of discharge."

The plaintiff testified that on February 12 he wrote a letter to the defendant's manager, which letter was introduced in evidence and read, "Please send me . . . a complete statement showing the causes for my dismissal . . . on February 10, 1943." The manager replied on February 13, stating in substance that in view of the plaintiff's resignation there was no occasion for sending the statement as requested. It did not appear when the letter of the plaintiff was received.

At the conclusion of the evidence the defendant requested an instruction reading, "If the plaintiff resigned, or he was discharged for gross neglect of duty or for gross misconduct, he is not entitled to recover." The defendant excepted to the denial of this request. The judge charged the jury that if the plaintiff was discharged he was entitled to severance pay and that if he resigned he was not. He said nothing relating to gross neglect of duty or gross misconduct. After the charge there was the following colloquy between the judge and counsel: "COUNSEL FOR THE DEFENDANT: Counsel for the defendant has excepted to the failure of the court to instruct the jury that if the jury found that the plaintiff

was guilty of gross misconduct or gross neglect of duty, and was discharged for either reason — The Judge: The court declines to do so, and says that the defendant has chosen to rely upon the proposition that the employment was terminated by resignation, and further, the court had earlier pointed out to counsel that it was open to him to argue that the resignation had been tendered in lieu of charges of gross misconduct. Counsel for the defendant: Could I say I don't quite recall your Honor putting it in so many words? The record will speak, of course, as to that. Counsel for the plaintiff: You spoke about that, Judge. In fact I raised the issue that you couldn't, because he asked for it. You said: 'There is no occasion for my setting it forth.' The Judge: It is a matter of argument on the facts but not on the law. Counsel for the defendant: My exception is saved? The Judge: Yes."

If the employee was discharged he was entitled under the contract to severance pay unless his dismissal was for gross neglect of duty or for gross misconduct and a written notice stating such cause was given him after written request made by him within forty-eight hours. Under the pleadings the defendant was entitled to show by way of defence that the plaintiff was not discharged, but that he resigned, or in the alternative that if he was discharged it was for gross neglect of duty or gross misconduct.

If the issues of gross neglect of duty or gross misconduct were raised at the trial, the defendant was entitled to the instruction which was refused. The refusal to give this instruction was stated by the judge to be for the reason that the defendant had chosen to rely upon the proposition that the plaintiff's employment was terminated by resignation. This statement amounted to a finding that the defendant had been content to base its defence on the theory that the plaintiff had not been discharged and in the course of the trial had waived or abandoned any contention that, if he was discharged, the discharge was for gross neglect of duty or gross misconduct.

A judge is required to submit to a jury only the issues

which the parties have seen fit to try. An issue which is open on the pleadings may be expressly waived during trial or impliedly waived by the manner in which the trial is conducted. "There is nothing to prevent a party defendant from waiving a defence. Such waiver by conduct at the time when it ought to have been pressed does not enable a defendant as of right to set up such defence at a later stage, no matter how perfect that defence might have been if it had been seasonably put forward." *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 40. *Matter of Ulmer*, 268 Mass. 373, 394. *Payzant* v. *Payzant*, 269 Mass. 70. *Moses* v. *Katzenberger & Sons*, 84 Ala. 95, 97. *Foy* v. *Central Vermont Railroad*, 65 Vt. 242, 244. See *Kolasinski* v. *Paczkowski*, 307 Mass. 73, 75–76; *Tracey* v. *Osborne*, 226 Mass. 25, 30.

A party is bound by a verdict rendered on a ground on which he chooses to rest his case. *Lincoln* v. *Lincoln*, 12 Gray, 45, 48. A party is also bound by an agreement made in open court and acted on by the judge. *Savage* v. *Blanchard*, 148 Mass. 348. Where a party causes the judge to understand that certain facts are admitted or that certain issues are waived or abandoned he cannot object to the judge's conducting the trial on the basis of that understanding. *Beauregard* v. *Dailey*, 294 Mass. 315, 323–324. *Brocklesby* v. *Newton*, 294 Mass. 41. *Rock* v. *Rock*, 309 Mass. 44, 50–51. *McKay* v. *Polep*, 311 Mass. 567, 571. A statement of the judge during the trial as to the issues being tried or as to his understanding of those issues is binding on us where nothing is said by counsel to correct such understanding, *Goldsmith* v. *Traveler Shoe Co.* 236 Mass. 111, 114; *Snider* v. *Deban*, 249 Mass. 59, 63, or where the record does not disclose that the judge was in error. It becomes the law of the trial. *Horton* v. *North Attleborough*, 302 Mass. 137, 141.

In the instant case there was no denial by the defendant that, as stated by the judge, it had "chosen to rely upon the proposition that the employment was terminated by resignation" and the record does not indicate the contrary.

The judge was not obliged to charge on an issue which he found had not been tried.

There is no merit in the exception to the denial of the defendant's motion for a new trial on the grounds that the verdict was against the evidence, the weight of the evidence and the law. The allowance of the motion was discretionary.

*Exceptions overruled.*