**J. B. WOOD and Ralph B. Foster, Guardians of Jimmy Craig Wood, a Minor, Plaintiffs in Error,**

**v.**

**Clifford L. CAMP, Defendant in Error.**

**No. 40543.**

Supreme Court of Oklahoma.

Dec. 22, 1964.

As Corrected Dec. 29, 1964.

Thomas A. Wallace, Sapulpa, for plaintiffs in error.

Rucker, Tabor, Shepherd & Palmer, O. H. "Pat" O'Neal, Tulsa, for defendant in error.

WILLIAMS, Justice.

To be determined in this case is the correctness of certain instructions to the jury given by the trial court.

Plaintiffs in error, as guardians of the person and estate of Jimmy Craig Wood, a minor, initiated this action against defendant in error to recover damages for personal injuries sustained by their ward in a collision of motor vehicles. Our continued reference to the parties will be as they appeared in the trial court.

At the conclusion of the trial below the jury returned a general verdict in defendant's favor.

We consider applicable to the instant case the language used by this Court in Selsor v. Bacherl, Okl., —— P.2d ——, as follows:

"The propositions raised by the defendants in their appeal do not require a narration of the circumstances of the accident."

For reversal plaintiffs advance two propositions. The first is that "The trial court erred in instructing the jury as to violation of the ordinances of the City of Tulsa by the plaintiffs' ward, the record being insufficient to establish such violation". We find no merit in such contention.

Instructions Nos. 11 and 13 respectively as given by the trial court are as follows:

"The ordinances of the City of Tulsa provide:

"(g) No light-weight motor vehicle, such as motor scooter, motor bikes, etc., shall be driven at a speed greater than twenty (20) miles per hour within the corporate limits of the City of Tulsa."

"It is the duty of a person, or persons, operating motor vehicles [on] highways, streets and roads of this state to observe the State Laws and Ordinances with reference thereto, as set out herein, and a violation of the State Law or Ordinance in the operation of a motor vehicle is negligence per se, that is, negligence in and of itself. However, before a person guilty of negligence per se may be held liable in damages therefor, it must appear from a preponderance of the evidence, that such negligence per se was the proximate cause of the injury and damage, if any, sustained".

Plaintiffs argue that the city ordinance quoted in instruction No. 11 defines a light-weight motor vehicle as one weighing less than 400 pounds; that there "was not a scintilla of evidence in the entire record indicating the weight of the vehicle which plaintiffs' ward was riding"; that "the jury was left to determine whether the speed limit so imposed applied to the vehicle being driven by plaintiffs' ward, without being informed that the question of application was specifically limited by the weight of the vehicle in question".

In their brief plaintiffs state "On the trial, it was conceded by all witnesses that the speed of the vehicle operated by plaintiffs' ward was in excess of twenty miles per hour, the limit specified in such ordinance."

At the commencement of the trial below, the trial court and counsel for plaintiffs had the following colloquy:

"MR. WALLACE: Well, I will just make my reply into the record, at this time that there is no dispute as to the speed that he was traveling in excess of the Tulsa City Ordinances, the plaintiff was."

\*　　\*　　\*　　\*　　\*　　\*

"MR. WALLACE: Let me dictate my reply. Comes now the Plaintiff and denies generally and specifically each and every allegation set forth in the Defendant's answer or amended answer, which are at variance with the facts set forth in plaintiff's petition herein.

"THE COURT: I am a little concerned about your statement. As I understand your statement a minute ago, you said there is no dispute that this boy was traveling faster than the Tulsa City Ordinances allowed him to?

"MR. WALLACE: That's right.

"THE COURT: O. K. Now, you have a question as to whether this speed contributed to the cause of the accident.

"MR. WALLACE: That is the proximate cause."

In their petition plaintiffs alleged that their ward was "riding a 1956 Model Triumph Motor Scooter". Plaintiffs' witness Varner testified " \* \* \* Jimmy [the ward] and his motor scooter went cartwheeling".

Plaintiffs' ward testified as follows:

"Q: What means of transportation did you use?

"A: A Motorscooter.

"Q: What kind of a motor scooter did you have, Jimmy?

"A: It was a Triumph Tiger Cub.

"Q: How big a motor scooter is that?

"A: A small one.

"Q: What horse power?

"A: Ten horse power.

At no time during the course of the trial did plaintiffs controvert the correctness of any of such admissions.

In Sundgren v. Sundgren, Okl., 363 P.2d 853, 855, we said:

"We are unable to agree that the appealed-from order is not based upon evidence or admissions. Where a party causes a court to understand that certain facts are admitted, he cannot object to a hearing being conducted on the basis of said understanding. See 88 C.J.S. Trial § 58, p. 161, and Dalton v. Post Pub. Co., 328 Mass. 595, 105 N.E.2d 385. \* \* \* "

We consider such language to be decisive of plaintiffs' first proposition.

Their second proposition is that "The court erroneously instructed on the law of contributory negligence".

Plaintiffs contend that "The court below gave a total of seven instructions dealing directly or indirectly with the issue of contributory negligence. To each of these instructions, the plaintiffs duly noted exception (C–M 128 to 137):

"In Instruction No. 4, the trial court stated:

" 'Contributory Negligence as that term is used in these instructions, means any act or omission on the part of the plaintiff which amounts to want of ordinary care on his part which combining and concurring with the negligent acts of the defendant is the proximate cause of the injury complained of.'

"In Instruction No. 7, the court informed the jury:

" ' \* \* \* you are instructed that should you find from the evidence in this case, under these instructions that the plaintiff was guilty of any of the acts of contributory negligence alleged by defendants in their answer which caused or contributed to causing the collision giving rise to this action, then the plaintiff cannot recover against defendants.'

"The court below, in so instructing the jury, has, in practical effect, directed the jury to find contributory negligence if they resolve certain fact determinations in favor of the defendants. This invades the function of the jury." We do not agree.

In the first paragraph of the syllabus in Owens v. Turman Oil Co., 183 Okl. 182, 80 P.2d 576, this Court held:

"It is proper for a trial court in instructing a jury on the issue of contributory negligence to define contributory negligence, to advise the jury what the allegations, or contentions, are on the issue, and to advise the jury that, if they find the plaintiff committed the acts charged to him and further find that such acts constituted contributory negligence as defined, the verdict shall be for the defendant."

Instruction No. 7 as given by the trial court is as follows:

"You are further instructed that negligence upon the part of the plaintiff, if any, which causes or contributes to causing an accident, is an absolute bar to plaintiff's right to recover for damages, if any, arising from said accident, and in this regard, you are instructed that should you find from the evidence in this case, under these instructions that the plaintiff was guilty of any of the acts of contributory negligence alleged by defendants in their answer which caused or contributed to causing the collision giving rise to this action, then the plaintiff cannot recover against defendants."

To our notion such instruction No. 7 follows the directions set forth in the syllabus in the Owens case, supra. In the first part thereof the trial court advised the jury that if plaintiff was guilty of any negligence which caused or contributed to causing the collision such would bar his right to recover damages. Next the jury was advised that if it found that plaintiff was guilty of certain acts *alleged* by defendant to be contributory negligence and such caused or contributed to causing the collision, then the plaintiff could not recover. We do not consider such instruction No. 7 as a determination by the trial court that certain alleged acts of the plaintiff if found to exist constituted contributory negligence. Rather, the jury was advised to determine whether plaintiff was guilty of certain alleged acts of negligence and if so, whether such conduct caused or contributed to causing the collision.

In addition to its instructions quoted hereinabove, No. 4 and No. 7, the trial court gave the following instructions concerning contributory negligence.

### Instruction No. 3

" * * * Likewise, the burden of proof is upon the defendant to establish the affirmative defense of contributory negligence but in passing upon the issue of contributory negligence, you may take into consideration all of the evidence admitted and bearing thereon, whether offered on the part of the plaintiff or of the defendant."

### Instruction No. 5

" * * * You are, therefore, instructed that primary negligence or contributory negligence, if any, as used in these instructions, on the part of Jimmy Craig Wood is such an act or omission on the part of said Jimmy Craig Wood which amounted to the want of such care on his part as a child of his age may be presumed capable of exercising and which was the sole cause, and which concurring and cooperating with the negligence, if any, of the defendant is the proximate cause of the accident and injuries complained of by the Plaintiff.

"If you find from the evidence that Jimmy Craig Wood failed to use that degree of care and caution that children of his age may be presumed capable of exercising for their safety and that such failure on his part was the

sole cause or contributed in any degree to his injuries as the proximate cause or occasion thereof, then your verdict must be for the defendant."

Instruction No. 6

" * * * Likewise, the mere proof of an accident or injury carries with it no presumption of contributory negligence but the burden of proof as to contributory negligence rests on the party alleging the same as heretofore set out in these instructions."

Also, in its instruction No. 4 the trial court defined "proximate cause".

In Boyett v. Airline Lumber Company, Okl., 277 P.2d 676, in the fourth paragraph of the syllabus, we held:

"If the court's instructions to the jury, when considered as a whole, fairly submit the issues involved and the applicable law to the jury, a single instruction, subject to criticism, will not warrant a reversal unless it appears probable that the jury was misled by the particular instruction, and that such instruction resulted in a miscarriage of justice or deprived the complaining party of some fundamental or constitutional right."

In the recent case of Katnig v. Johnson, Okl., 383 P.2d 195, 202, this Court stated:

"In the case of Maddox v. Bridal, Okl., 329 P.2d 1049, in paragraphs 4 and 5 of the syllabus, this court said:

" 'Where the instructions as a whole correctly state the law, a verdict based on the evidence will not be disturbed, though some instruction alone may not fully state the law.

" 'Instructions are to be considered in their entirety; no particular paragraph is to be singled out; neither a part nor paragraph will be given consideration to the exclusion of other parts or paragraphs; * * *.' "

We determine that the instructions given when considered as a whole fairly stated the applicable law and that the judgment of the trial court approving the verdict should be and the same hereby is affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.