JON T. MIHO, Plaintiff-Appellee, *v.* RALPH W. ALBRECHT and C & H GROUP, INC., a California corporation, Defendants-Appellants

NO. 6279

JULY 30, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal from a $3,470.43 jury verdict in favor of plaintiff-appellee against defendants-appellants jointly and severally.

There are two issues:

1. Whether the trial judge erred in denying defendants' motions for directed verdict made at the conclusion of plaintiff's case and at the conclusion of defendants' case.

2. Whether the trial judge erred in instructing the jury that they could find the defendants' jointly and severally obligated to the plaintiff.

Plaintiff Jon T. Miho filed suit against Defendants Ralph W. Albrecht and C & H Group, Inc., a California corporation doing business in Hawaii. Plaintiff alleged in paragraph 4 of his complaint:

4. At the request of Defendants, Plaintiff has rendered, and Defendants have accepted the benefit of legal services performed during the period from June 1973 to October 1, 1974.

Plaintiff testified that pursuant to his agreement with defendants he charged $50.00 per hour and that $5,795.01 remained due.

At the conclusion of plaintiff's case, defendants' attorney moved to dismiss for failure to establish a prima facie case. He renewed this motion at the conclusion of defendants' case.

This being a jury case, we treat defendants' two motions to dismiss as motions for directed verdict under rule 50(a), Hawaii Rules of Civil Procedure. Wright & Miller, Federal Practice and Procedure: Civil § 2523.

A directed verdict may be granted only when after disregarding conflicting evidence, giving to the plaintiff's evidence all the value to which it is legally entitled, and indulging every legitimate inference which may be drawn from the evidence in plaintiff's favor, it can be said that there is no evidence to support a jury verdict in his favor.

(Citations omitted.) *Stewart v. Budget Rent-A-Car Corp.*, 52 Haw. 71, 470 P.2d 240 (1970).

Defendants claim entitlement to a directed verdict because plaintiff did not produce any evidence concerning the number of hours he actually worked in their behalf. We disagree. Rate times time equals amount due. Plaintiff's testimony provided the jury with the rate and the amount due. It took no special expertise to determine the time.

Defendants next claim that the court erred in instructing the jury that they could find both defendants liable jointly and

severally because there is no evidence that either of them agreed to pay for the services rendered to the other.

We disagree with defendants' contention but even if they are correct they are precluded from raising this issue on appeal. In their answer they admitted the allegation of paragraph 4 of the complaint, thereby admitting that liability, if any, was joint and several. At no time during pretrial or during trial did they indicate their intention to contest the allegation. They cannot now claim that the jury instruction based on the allegation was erroneous. *Wood v. Camp*, Okl., 397 P.2d 890 (1964).

Affirmed.

*Philip D. Bogetto* for defendants-appellants.

*Randy Y. F. Hew (Fong, Miho & Robinson* of counsel) for plaintiff-appellee.