FRANK G. ENGSTROM *vs.* JOHN G. SHERBURNE & another.

Middlesex.    Jan. 11. — April 8, 1884.    DEVENS & HOLMES, JJ., absent.

No action lies by A. against B. for conspiracy between B. and C. in obtaining a judgment against A. in an action brought in a court of another State having jurisdiction of the subject matter and of the parties, in which A. appeared and answered, but was defaulted, which judgment remains in full force, and to satisfy which A.'s property in that State was sold.

TORT. The declaration contained several counts. The second and third, which are the only ones which came before this court, alleged, in substance, that the defendants conspired with certain persons in obtaining judgments against the plaintiff, in actions brought in a District Court of the State of Nevada, upon the

executions issuing on which judgments the plaintiff's property in said State was sold. Trial in the Superior Court, before *Barker*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff produced in evidence duly exemplified copies of the judgment rolls in the actions mentioned in the declaration. In both of these actions one Nicholls was plaintiff; in the former of them, the present plaintiff, the defendant Sherburne, and one Morse were defendants, and in the latter, the present plaintiff was sole defendant. It appeared from the judgment rolls that the present plaintiff was duly served with process in said actions in Nevada, where he was a resident at the time of such service; that he appeared in court to defend said actions, and answered upon the merits; and that afterwards judgment was rendered in each of them in favor of the plaintiff therein, against the defendants therein, including the present plaintiff, he having been absent and defaulted in both actions.

It was conceded that said court had jurisdiction of the subject matter and of the parties to each action; but the plaintiff contended, and offered evidence tending to show, that Sherburne and Morse were residents of Massachusetts when the actions were brought in Nevada, and that the court in Nevada acquired jurisdiction of them by their own fraud and collusion.

The plaintiff then offered evidence tending to show that, at the time of the institution of process in said actions, and at the time the judgment therein was rendered, he was not liable, jointly or severally, upon the causes of action set forth in said judgment rolls; that said actions were instituted and prosecuted to judgment by the procurement of Sherburne, with the fraudulent intent and purpose on the part of the plaintiff therein, and of Sherburne and others, of having the present plaintiff's property taken by means of said judgments to satisfy demands for which he was not liable, but for which Sherburne and Morse were liable; and that his property was so taken and applied; but he did not offer to show that either of said judgments had been reviewed, reversed, annulled, or set aside, and conceded that they remained of record in said court, as shown by the exemplified copies of the judgment rolls therein.

The judge ruled that the plaintiff was estopped by said judgments from showing in this action that he was not liable on the causes of action set out in the judgment rolls, and from showing that said judgments were false, erroneous, or unjust, or obtained by fraud or collusion; excluded the evidence offered; ruled that the taking of the plaintiff's property, in accordance with the laws of Nevada, in satisfaction of said judgments, was not a legal loss for which he could maintain an action under his declaration; and ordered a verdict for the defendants. The plaintiff alleged exceptions.

*J. F. Pickering & C. Cowley*, for the plaintiff.

*C. H. Conant*, for Sherburne.

COLBURN, J. The exceptions show that the judgments recovered against Engstrom in Nevada were in a court having jurisdiction of the subject matter and the parties; that he appeared in the actions in which the judgments were recovered, and had full opportunity, if he had chosen, to defend the actions, upon the same ground upon which he relies to maintain this action; and that the judgments are still in full force. Under these facts, he cannot maintain this action against the defendants for fraud, collusion, and conspiracy with the plaintiff in the Nevada suits, in obtaining the judgments against him. *Castrique* v. *Behrens*, 3 E. & E. 709. *Huffer* v. *Allen*, L. R. 2 Ex. 15. *Commonwealth* v. *Harkins*, 128 Mass. 79. *Homer* v. *Fish*, 1 Pick. 435. *M'Rae* v. *Mattoon*, 13 Pick. 53. *Dunlap* v. *Glidden*, 31 Maine, 435. *Christmas* v. *Russell*, 5 Wall. 290.

It was no legal injury to Engstrom to take his property, pursuant to the laws of Nevada, to satisfy judgments in full force against him. The rulings of the court were right.

*Exceptions overruled.*