MATTHEW McGILLVRAY *vs.* EMPLOYERS' LIABILITY ASSURANCE
CORPORATION, LIMITED.

Essex.    March 25, 1913. — May 22, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Judgment. Estoppel,* By judgment. *Deceit. Infant.*

If a minor has a valid claim against his employer for serious personal injuries, and
a liability insurance company by fraud practiced upon the father of the minor
procures an action to be brought in the name of the minor by his father as his
next friend against his employer and judgment to be entered in that action for
the plaintiff in a certain inadequate sum and an entry to be made of judgment
satisfied, although such judgment is binding upon the parties to it, it is not a
bar to an action for deceit brought by the minor against the insurance company,
in which the plaintiff may prove that he was deprived of his right of action
against his employer by the fraud of the defendant and may show and recover
the amount of his actual damages.

TORT by a minor for alleged false and fraudulent representations
made to the plaintiff through the plaintiff's father as his next
friend, by means of which the defendant fraudulently procured
judgment to be entered in an action in the name of the plaintiff
for personal injuries against the Cape Ann Tool Company for the
sum of $200 and an entry to be made of judgment satisfied,
whereby the plaintiff was prevented from bringing an action
against the tool company and recovering adequate damages for
his injuries.    Writ dated August 19, 1910.

In the Superior Court the case was tried before *Hitchcock,* J.,
who heard it by agreement of the parties without a jury.    A
record of the District Court of Eastern Essex was put in evidence
in which, among the entries relating to the action brought in the
name of the plaintiff against the Cape Ann Tool Company,
under the date January 1, 1910, there appeared the docket
entry, "Judg. for Pltf. for $200, and Judg. Satisfied."    The plain-
tiff offered to show the facts which are stated in substance in the
opinion.    The judge excluded the evidence offered by the plaintiff
on the ground that it tended to impeach collaterally a judgment in
the District Court, and ruled that the entry in the District Court
was a judgment which precluded the plaintiff from introducing

against the defendant's objection any evidence as to any injury or damage received by the plaintiff on December 20, 1909, while in the employ of the Cape Ann Tool Company as an element of damages in the case against the present defendant or any evidence as to the value of any claim that he had against the Cape Ann Tool Company for personal injuries arising out of the accident on December 20, 1909. Thereupon the judge found for the defendant and reported the case for the determination by this court, the parties agreeing that if the judge erred in excluding the evidence or in his ruling, and if the plaintiff upon such evidence was entitled to maintain an action against the defendant for deceit, fraud, or false representations, and if, in proving the plaintiff's damages, in view of the entry in the District Court, the plaintiff, against the defendant's objection, could introduce evidence to show that $200 was inadequate damages for his injuries, or evidence as to the value of any right he had lost by reason of the defendant's alleged fraud in procuring such entry, or evidence as to any amount he could have recovered or was entitled to recover against the Cape Ann Tool Company for such injuries, either as the result of trial, compromise or otherwise, judgment was to be entered for the plaintiff as of January 6, 1913, in the sum of $3,500; otherwise, judgment was to be entered for the defendant.

*W. A. Pew,* for the plaintiff.

*W. H. Hitchcock,* for the defendant.

SHELDON, J. The plaintiff is a minor sixteen years old. While in the employ of the Cape Ann Tool Company he suffered a serious personal injury, for which, as we must now take it, he had a right to recover damages from that company to the amount of $3,500. The defendant had insured that company against such a liability. By means of a gross fraud practised by the defendant's authorized agent, the plaintiff's father was induced to consent to the bringing of an action in the plaintiff's name by his father as next friend against the tool company, with an *ad damnum* of $300. Such an action was brought by one member of a firm of attorneys, of which the other member was the general counsel for the defendant, this defendant paying therefor. The other member of that firm appeared for the tool company. In pursuance of the same fraud, the defendant through its agent secured

the signature of the plaintiff's father to a power of attorney authorizing the bringing of the action that has been mentioned, to an agreement for the entry of judgment and satisfaction of judgment for $200, and to a paper purporting to be a release of all the minor's rights against the tool company on account of the injury. Then in that action an entry was made of judgment for the plaintiff for $200 without costs and judgment satisfied. No money has been paid to the plaintiff, and of course none ever can be collected, on that judgment.

The questions are whether that judgment is a bar to the present action, and if not, whether the plaintiff has a right to prove his actual damages.

There is no doubt that a judgment rendered by a court of competent jurisdiction is conclusive between the parties and all who are in privity with them. But the defendant was neither a party nor privy to the action in which the judgment was entered. It is not binding against this defendant nor in its favor. Until reversed or set aside, although procured without the knowledge of the plaintiff and by means of a mere fraud practised upon his father while acting as his next friend, it is binding upon the parties to it. *Wallace* v. *Boston Elevated Railway*, 194 Mass. 328. *Finneran* v. *Leonard*, 7 Allen, 54. *White* v. *Merritt*, 3 Seld. 352. *Clark* v. *Southern Can Co*. 36 L. R. A. (N. S.) 980. But it works no estoppel upon the plaintiff in favor of the present defendant. This was declared by the court in one of the cases relied on by the defendant. *Dunlap* v. *Glidden*, 31 Maine, 435, 437. And see *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow*, 203 Mass. 159, 206 *et seq.*, and the cases collected in 23 Cyc. 720 *et seq.*

The plaintiff has not by his declaration or in the subsequent proceedings in this action set up the former judgment as having any binding effect except as between himself and the tool company. He admits its validity as between himself and the tool company; but he rightly contends that as between himself and this defendant it constitutes no estoppel. That differentiates this case from those relied on by the defendant. *Engstrom* v. *Sherburne*, 137 Mass. 153. *Smith* v. *Abbott*, 40 Maine, 442. *Dunlap* v. *Glidden*, 31 Maine, 435. In those cases, the plaintiff was obliged to contend that the judgment, of the procuring of which he complained, was so far invalid between the parties to it that the levy upon his property

for its satisfaction was a legal wrong to him; and the contrary was held, because, as stated by Colburn, J., in *Engstrom* v. *Sherburne,* 137 Mass. 153, 155, it is no legal injury to one to take his property, pursuant to law, "to satisfy judgments in full force against him." In the case at bar, no such difficulty is presented.

This case resembles in principle an action by a client against his attorney for malfeasance such as was disclosed in *Kelly* v. *Allin,* 212 Mass. 327. In that case, the defendant wrongfully caused a judgment to be entered in the plaintiff's case, of which he had the management as attorney. In the present case, the defendant by fraud obtained control of the plaintiff's original action, and then consummated its fraud by wrongfully causing a judgment to be entered therein. In neither case could the defendant set up as a defense the judgment to which he was neither party nor privy, but which he had caused to be entered for his own ends and in fraud of the rights of the plaintiff. To hold otherwise would be to allow a gross injustice to be perpetrated under the forms of law, and to say that the law was powerless to prevent its own prostitution. We do not need here to go so far as the court went in *Verplanck* v. *Van Buren,* 76 N. Y. 247.

Nor is the plaintiff barred from showing the amount of his actual damages. The former judgment creates no estoppel upon him in favor of the defendant in any particular.

According to the terms of the report, judgment must be entered in favor of the plaintiff as of January 6, 1913, in the sum of $3,500.

*So ordered.*