DOROTHY B. CHITTICK *vs.* C. YARDLEY CHITTICK.

Norfolk. December 7, 1954. — April 28, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Constitutional Law,* Full faith and credit, Divorce. *Domicil. Divorce,* Jurisdiction, Foreign divorce. *Jurisdiction,* Divorce proceeding. *Virgin Islands. Husband and Wife,* Separate support. *Evidence,* Court record. *Judgment.*

A proceeding for separate support under G. L. (Ter. Ed.) c. 209, § 32, as amended, cannot be maintained unless the parties thereto are husband and wife. [555]

Recitals in the record of a divorce proceeding by a wife in the District Court of the Virgin Islands, which had jurisdiction over divorce, that her husband, the defendant, appeared and answered and was represented by counsel and that the matter came on to be "heard" were at least prima facie evidence in a subsequent proceeding for separate support brought by her in Massachusetts and, in the absence of evidence to the contrary, established that the husband had appeared through counsel in the Virgin Islands proceeding and could have been fully heard there. [557–558]

A finding by the District Court of the Virgin Islands, which had jurisdiction of divorce, made in a divorce proceeding by a wife wherein the defendant husband appeared through counsel and could have been fully heard, that she was domiciled there for six weeks prior to the commencement of the proceeding, as was required by Virgin Islands law of one seeking a divorce, was binding on both parties in a subsequent proceeding for separate support brought by her in a Massachusetts Probate Court, and the Probate Court, in ascertaining the validity of a divorce granted to her in the Virgin Islands proceeding, was precluded by the full faith and credit clause of the Federal Constitution from hearing the issue of her acquisition of a domicil in the Virgin Islands and from finding that she had not acquired a domicil there. [558]

Statement by QUA, C.J., of the doctrine of the cases of *Sherrer* v. *Sherrer,* 334 U. S. 343, and *Coe* v. *Coe,* 334 U. S. 378. [558]

In a proceeding brought in a Probate Court in Massachusetts for separate support by a woman against a respondent from whom she had secured a divorce in a proceeding in the District Court of the Virgin Islands, the court of divorce there, in which he had appeared through counsel, the full faith and credit clause of the Federal Constitution precluded holding the divorce void on the basis of a finding by the Probate Court that the divorce decree "was the result of fraud or collusion between the parties," whether such finding referred to fraud or collusion in persuading the District Court that it had jurisdiction or referred to fraud or collusion with respect to the merits of the divorce case. [559]

PETITION, filed in the Probate Court for the county of Norfolk on July 27, 1953.

The respondent appealed from a decree entered after hearing by *Reynolds,* J.

*Frank B. Wallis,* (*William J. Pechilis* with him,) for the respondent.

*David H. Stuart,* for the petitioner.

QUA, C.J.   This is a petition for separate support brought under G. L. (Ter. Ed.) c. 209, § 32.[1]   The petitioner claims to be the wife of the respondent.   The respondent insists that she is not his wife because on March 18, 1952, she was awarded a decree of divorce against him by the District Court of the Virgin Islands, Division of St. Thomas and St. John at Charlotte Amalie, for "incompatibility of temperament."   The decree contained provisions for the petitioner's support in accordance with an elaborate agreement in the nature of a property settlement which had been entered into with the aid of trustees for the respective parties on October 25, 1951.   The petitioner cannot maintain this proceeding if she is not now the wife of the respondent. *Rosa* v. *Rosa,* 296 Mass. 271, 272.   *Welker* v. *Welker,* 325 Mass. 738, 743.   The issue in the case is whether this Virgin Islands divorce is valid.

The judge of probate ruled that the divorce was void because neither of the parties had acquired a domicil in the Virgin Islands and because the divorce was the result of "fraud or collusion" between them.   He entered a decree

---

[1] An amendment by St. 1938, c. 136, is not material in this case.

for the support of the petitioner. The respondent appeals. The judge made a report of material facts, and the evidence is reported.

Certified copies of proceedings in the District Court at Charlotte Amalie show that the present petitioner swore to her complaint there on March 11, 1952; that she appeared in person and by her attorneys; that the present respondent filed his "verified Notice of Appearance, Waiver and Consent and verified Answer" and was represented by his attorneys, who "filed their verified Retainer and Power of Attorney"; that the matter was "assigned to the District Court Commissioner to take the evidence and report his findings and conclusions to the Court, in accordance with statute"; that "after hearing all of the evidence adduced on behalf of the plaintiff and after hearing the plaintiff testify under oath" the commissioner found that she had been a bona fide resident and inhabitant of the district for more than six weeks prior to the commencement of the action, and made other findings as to the existence of a state of incompatibility of temperament between the parties and in relation to the agreement between them of October 25, 1951, from which he quoted extensively; and that the court having reviewed the evidence, findings, and conclusions of the commissioner approved them and granted a divorce absolute with the provisions for support to which reference has already been made.

At the time of the Virgin Islands decree the applicable statute appears to have been that known as "Bill No. 14" of the Eighth Legislative Assembly. Section 9 of this statute required that the "plaintiff" in an action for the dissolution of a marriage must be an inhabitant of the district at the commencement of the action and for six weeks prior thereto. An amendment to this section in 1953 which was the subject of litigation in *Alton* v. *Alton,* 207 Fed. (2d) 667, and in *Granville-Smith* v. *Granville-Smith,* 349 U. S. 1, had not yet been enacted. "Inhabitant" in § 9 of this statute means domiciliary. *Burch* v. *Burch,* 195 Fed. (2d) 799, 804.

The evidence in the Probate Court here showed, and the judge found, that previous to their separation in July, 1951, the parties had been living in Newton in our county of Middlesex; that the petitioner arrived in the Virgin Islands on January 28, 1952, stayed at different hotels, engaged in no business or occupation, filed her complaint immediately upon the expiration of the six weeks, and left the day after the decree. She did not testify that she intended to make the Virgin Islands her place of residence. There is no suggestion anywhere in the case that the respondent was ever in the Virgin Islands, if that is material. There is some evidence that he was not domiciled there. If the judge of probate was free to find, as he did, that neither of the parties had or acquired a domicil in the Virgin Islands the finding was supported by the evidence before him and would be sustained by us.

But the judge was not free to find that the petitioner, who was the "plaintiff" in the Virgin Islands proceeding, had not acquired a domicil there. The District Court had jurisdiction over divorce. U. S. C. (1952 ed.) Title 48, § 1406 (4). Bill No. 14. *Alton* v. *Alton,* 207 Fed. (2d) 667, 669. Its records and judicial proceedings are entitled to the same full faith and credit as are those of the court of a State. U. S. C. (1952 ed.) Title 28, § 1738. *Embry* v. *Palmer,* 107 U. S. 3, 9–10. *Atchison, Topeka & Santa Fe Railway* v. *Sowers,* 213 U. S. 55, 64–65. *Alaska Packers Association* v. *Industrial Accident Commission of California,* 294 U. S. 532, 545–546. *Garvin* v. *Garvin,* 302 N. Y. 96, 103. The Virgin Islands record recites that the present respondent, "defendant" in the Virgin Islands, appeared and answered and was represented by counsel in the proceedings there. This recital was at least prima facie evidence of the facts. *Makorios* v. *H. V. Greene Co. Inc.* 256 Mass. 598. *Portland Maine Publishing Co.* v. *Eastern Tractors Co. Inc.* 289 Mass. 13. See also *Rice* v. *Rice,* 336 U. S. 674, 675; *Cook* v. *Cook,* 342 U. S. 126, 128. The present record reveals no evidence to the contrary. A finding by the judge of probate that the respondent's Virgin Islands counsel was

"unknown to him," if material, is not supported by any evidence in the transcript and cannot stand. A further finding that "There was no hearing held by the court" is likewise without support in the evidence and is without significance in the face of the recitals of the decree as to the matter "having come on to be heard" and as to the "defendant" being represented by his attorney. It is plain from the Virgin Islands record, not contradicted by any evidence before the judge of probate, that the present respondent appeared through counsel in the Virgin Islands proceeding and could have been fully heard there. See *Royal* v. *Royal*, 324 Mass. 613, 617–618; *Aufiero* v. *Aufiero*, *ante*, 149, 152. And of course the present petitioner was herself the "plaintiff" there. We are therefore compelled to hold that the finding of the District Court that the "plaintiff" was domiciled in the Virgin Islands is binding upon both parties, and that the issue of domicil could not be tried again before the Probate Court here. This is the inevitable consequence of the decisions of the Supreme Court of the United States in *Sherrer* v. *Sherrer*, 334 U. S. 343, and *Coe* v. *Coe*, 334 U. S. 378. See further *Johnson* v. *Muelberger*, 340 U. S. 581; *Cook* v. *Cook*, 342 U. S. 126. The doctrine of the *Sherrer* and *Coe* cases we understand to be that constitutional requirements of full faith and credit bar a party to divorce proceedings from collaterally attacking the decree on jurisdictional grounds in the courts of a sister State, if he has participated in the divorce proceedings and has had full opportunity to contest the jurisdictional issues, and if the decree is not susceptible to such collateral attack in the courts of the State which rendered the decree.[1] "In other words, no matter what may have been the actual facts as to domicil, appearance and participation of both parties in such circumstances preclude further inquiry elsewhere, at least in a case between them." *Rubin-*

---

[1] There is no evidence that the Virgin Islands decree would be subject to collateral attack there. See *Sherrer* v. *Sherrer*, 334 U. S. 343, 348–349; *Cook* v. *Cook*, 342 U. S. 126, 128; *Esenwein* v. *Commonwealth*, 325 U. S. 279, 280–281. A suggestion in the petitioner's brief that it would be so subject is without substantial support in the record.

*stein* v. *Rubinstein,* 324 Mass. 340, 342. And it appears that the Virgin Islands must now be accepted as fully accredited to engage in the business of interfering with domestic relations in all the other jurisdictions throughout this great country.

We are unable to perceive that the petitioner is helped by the further finding that the Virgin Islands decree "was the result of fraud or collusion between the parties." In so far as this may refer to fraud or collusion in persuading the District Court that it had jurisdiction the matter seems to us to be covered by what we have already said. The issue of jurisdiction was fully open to both parties to try out in the District Court. Our understanding of the *Sherrer* and *Coe* cases is that the full faith and credit to which the decree of the District Court is entitled forbid us to say on new evidence received here that the District Court made an erroneous decision as to its jurisdiction. *Sherrer* v. *Sherrer,* 334 U. S. 343, 349, 351, 355–356. *Coe* v. *Coe,* 334 U. S. 378, 384. These cases seem to have removed doubts which formerly existed, where the issue related to jurisdiction. In so far as "fraud or collusion" may relate to the merits of the divorce case it would seem that the parties are likewise bound by the decision of a court that had jurisdiction. *M'Rae* v. *Mattoon,* 13 Pick. 53. *Hood* v. *Hood,* 11 Allen, 196. *Mowry* v. *Chase,* 100 Mass. 79. *Engstrom* v. *Sherburne,* 137 Mass. 153. *Mooney* v. *Hinds,* 160 Mass. 469. *Christmas* v. *Russell,* 5 Wall. 290. *Hanley* v. *Donoghue,* 116 U. S. 1, 4. *Wisconsin* v. *Pelican Ins. Co.* 127 U. S. 265, 291–292. *Simmons* v. *Saul,* 138 U. S. 439, 458–460. *Hilton* v. *Guyot,* 159 U. S. 113, 184–185. Beale, Conflict of Laws, § 110.6. Freeman on Judgments, (5th ed.) 1401, 1439. See *Kalmus* v. *Kalmus,* 330 Mass. 41, 46–47. Decisions on the point in the Supreme Court of the United States have not always been consistent. See comparison in *Milwaukee County* v. *M. E. White Co.* 296 U. S. 268, 275–276.

We may add that there was no evidence of fraud committed by either of the parties upon the other. The only "fraud," if there was any at all, consisted of collusion be-

tween the parties to have the wife seek the divorce and be paid according to the agreement to which reference has already been made under which one payment of $1,000 was to be made upon the entry of a final decree dissolving the marriage. See *Reynolds* v. *Owen*, 328 Mass. 451, and cases cited. This agreement was shown to the District Court. In so far as collusion might be a defence under the law of the Virgin Islands that issue, for reasons previously stated, must be presumed to have been determined there, and full faith and credit must be given to that determination.

In view of what has been said it is unnecessary to consider the argument addressed to us by the respondent on grounds analogous to estoppel. See *Chapman* v. *Chapman*, 224 Mass. 427; *Langewald* v. *Langewald*, 234 Mass. 269; *Korostynski* v. *Korostynski*, 328 Mass. 6.

The decree is reversed, and a decree is to be entered dismissing the petition.

*So ordered.*