ROSLYN KLARISH, Appellant, v. ARTHUR C. KLARISH, Respondent.

First Department, June 27, 1963.

*Jacob M. Usadi* of counsel (*Michael J. Silverberg* and *Louis Perlmutter* with him on the brief; *Phillips, Nizer, Benjamin, Krim & Ballon,* attorneys), for appellant.

*Julia Perles* of counsel (*William F. Wolff, Jr.,* and *Nancy F. Wechsler* with her on the brief; *Greenbaum, Wolff & Ernst,* attorneys), for respondent.

BERGAN, J. In this separation action the defendant husband as an affirmative defense and in a counterclaim for annulment attacks the validity of the plaintiff wife's divorce from an earlier husband. The divorce was granted by the District Court of the Virgin Islands on March 14, 1952. Six years later (March 30, 1958) the parties were married in New York. This present action was commenced in September, 1962.

The defendant's affirmative defense and counterclaim for the annulment of this marriage rest on allegation on information and belief that the judgment in the Virgin Islands is invalid because plaintiff was not a bona fide resident of the Virgin Islands and because the Virgin Islands court did not acquire jurisdiction over plaintiff's former husband.

Plaintiff, denying these allegations in her reply, set forth the decree of the Virgin Islands court, and moved, pursuant to rules 112 and 113 of the Rules of Civil Practice, for judgment dismissing this affirmative defense and counterclaim. This motion was denied at Special Term.

We are of opinion that in the state of the record thus disclosed full faith and credit must be accorded to the prior judgment of divorce; that defendant has not established a right to attack it collaterally; and that the plaintiff is entitled to a dismissal of the affirmative defense and counterclaim based on defendant's attack on the Virgin Islands judgment.

Since the parties to the prior action in the Virgin Islands were before the court personally or by attorney the finding of residence of the plaintiff, sufficient on its face to meet the requirements of the law of that jurisdiction, must be accepted in New York. This was laid down expressly in *Sherrer* v. *Sherrer* (334 U. S. 343) and in *Coe* v. *Coe* (334 U. S. 378).

In *Sherrer* the participation of the defendant in the Florida divorce proceedings by a general appearance and by pleading, with full opportunity to contest the jurisdiction, was held to foreclose him upon a later attack in Massachusetts addressed to the jurisdiction of the Florida court to enter judgment. A presumption follows that the court in the rendering State has properly acquired the jurisdiction which its judgment asserts (*Cook* v. *Cook,* 342 U. S. 126).

The disability of a party to attack a judgment collaterally in circumstances where there has been full opportunity to litigate the jurisdictional issue applies equally to collateral attacks by strangers to the prior adjudication (*Johnson* v. *Muelberger,* 340 U. S. 581). It was held there that where a decree could not be attacked on jurisdictional grounds by the parties or by strangers in the State in which the judgment was rendered, it could not be attacked by a stranger in a sister State.

It was assumed in *Johnson* that the jurisdictional residence requirement had in fact not been met in the rendering State; but the court there had nevertheless found the facts giving it jurisdiction after the defendant husband had appeared, answered, and had had full opportunity to contest the jurisdictional question.

Defendant's affirmative defense and counterclaim in the case now before us present a problem similar in principle to that considered in *Johnson.* There is disclosed in the record before us an appearance by the defendant, a pleading, and full opportunity to be heard in the State rendering judgment. "Such an attack is barred" the court noted (p. 587) "where the party attacking would not be permitted to make a collateral attack in the courts of the granting state."

Defendant does not show in support of his defense and counterclaim attacking the Virgin Islands judgment, that such an attack would be permissible there. Nothing is established on this point. It is not enough to say, as the court at Special Term did in sustaining the defense and counterclaim, that New York would permit such an attack and, therefore, not being advised what the law of Virgin Islands is we may follow our own rule.

The problem is not one governed by the domestic law of New York. The burden is rather upon defendant to show that the collateral attack which he seeks to make here on the foreign judgment, which on general principles is entitled to full faith and credit, is admissible by the law of Virgin Islands.

The fact that the court in *Johnson* was able to read (pp. 588, 589) Florida cases as prohibiting such an attack there does not establish a rule that an attack is permitted unless prohibited.

Rather it is a fair inference from the full faith and credit cases that the attack is prohibited unless permitted in the rendering State. "The faith and credit given is not to be niggardly but generous, full" (340 U. S. 581, 584, *supra*), and "the burden of undermining the decree of a sister state 'rests heavily upon the assailant.'" (*Cook* v. *Cook,* 342 U. S. 126, *supra*; *Williams* v. *State of North Carolina,* 325 U. S. 226, 234).

The burden to show availability of that remedy in the rendering State was placed squarely on the party making the attack by the Supreme Judicial Court of Massachusetts in *Chittick* v. *Chittick* (332 Mass. 554, 558). There was before the court in that case "no evidence that the Virgin Islands decree would be subject to collateral attack there" and the court reversed a finding made by the Massachusetts trial court that the Virgin Islands court had not acquired jurisdiction. This ruling was based on the authority of *Sherrer, Coe* and *Johnson.* See, also, on this point *Phillips* v. *Phillips* (15 Misc 2d 884, 891).

The order denying plaintiff's motion to strike out the defense and counterclaim based on the purported invalidity of the Virgin Islands divorce should be reversed and the motion granted, with $20 costs.

STEVENS, J. (dissenting). I dissent and vote to affirm. The parties agree that there is no decisional or statute law on collateral attack by a stranger in the granting jurisdiction. The single question then is whether the second affirmative defense and counterclaim should be permitted to stand pending trial, or whether at this junction, prior to trial, this court should grant a motion to strike. The resolution of the question necessarily involves three alternatives. One, to apply the law of the forum and, since New York does permit collateral attack subject to a qualification that the granting State does not bar such attack, allow the defense to stand and permit testimony at the trial in support thereof. Two, the court at this stage of the proceedings may hold, as does the majority, that full faith and credit must be accorded the decree. Three, that there is a presumption of nonattack, where the granting State is silent, and the burden rests affirmatively upon the pleader upon a motion addressed to such pleading, to establish that attack would be permitted.

In the *Phillips* case (*Phillips* v. *Phillips,* 15 Misc 2d 884) the court would not permit collateral attack, and held the Georgia decree entitled to full faith and credit. That, however, was after a trial on the merits. The finding that Georgia would not permit a collateral attack was a well-reasoned conclusion.

In this case at the time plaintiff obtained her decree of divorce the law of the Virgin Islands required (and presently requires) that the party bringing the suit be a "bona fide resident and inhabitant" for six weeks prior to commencing the action. "Inhabitant" has been there held to mean "domiciliary" (*Burch* v. *Burch,* 195 F. 2d 799; cf. *Alton* v. *Alton,* 207 F. 2d 667). Domicile is a jurisdictional fact (*Matter of Johnson,* 301 N. Y. 13). But it is held that the full faith and credit clause would

bar a party personally served and who had entered an appearance (*Boxer* v. *Boxer,* 7 N Y 2d 781) and a third party is similarly barred if such party would be barred from making a collateral attack in the granting State (*Johnson* v. *Muelberger,* 340 U. S. 581).

My point of departure from the majority view is simply that in the absence of an authoritative declaration by the granting State, or such judicial declarations or statutory indications as to impel the conclusion that collateral attack would not be permitted, a defendant should not be foreclosed, on motion, from the opportunity of sustaining a possibly valid defense. All of these elements are missing here. There is no proof of the existence of all conditions necessarily precedent to the exercise of power, i.e., jurisdiction. To endow the decree with a cloak of invulnerability at this stage of the proceedings, is to make a conclusive adjudication of its validity. This, seemingly would go further than the granting State in light of its statutory requirements. Since New York does permit collateral attack by a stranger where the granting State does not bar such an attack (*Rosenbluth* v. *Rosenbluth,* 34 Misc 2d 290; cf. *Cook* v. *Cook,* 342 U. S. 126), it should be presumed, at least up to the trial, in the absence of proof to the contrary that the law of the Virgin Islands is the same as that of New York (cf. *Gaines* v. *Jacobsen,* 308 N. Y. 218). (Cf. Restatement, Conflicts of Law, § 622.)

McNally and Eager, JJ., concur with Bergan, J.; Stevens, J., dissents in opinion in which Rabin, J. P., concurs.

Order entered on February 4, 1963, denying plaintiff's motion to strike out the defense and counterclaim based on the purported invalidity of the Virgin Islands divorce reversed, on the law, with $20 costs and disbursements to the appellant, and the motion granted, with $10 costs.