*Southern District*

### FRANK A. ROZENAS
#### v.
### WALTER IKASALA
### AND ANOTHER

*Present*: Nash, P. J., Cox & Sgarzi, JJ.

Case tried to ——, J. in the District Court of Northern Norfolk. No. 31848.

*Sgarzi, J.* This is an action of contract in two counts, the first for *money had and received,* and the second for *money loaned* both being for the same cause of action. In each count the amount involved is $5200 and interest in the sum of $364. The answer in addition to a general denial and allegation of payment contains a plea of *res judicata.* During the course of the trial and before decision, the plaintiff discontinued as against the defendant Walter Ikasala leaving as the sole defendant Irene V. Ikasala.

*At the trial there was evidence that* the plaintiff and the defendant Walter Ikasala went to Florida together in the latter part of the year 1948 and that the defendant Irene v. Ikasala followed about two months later. While in Florida, before the arrival of Irene, the plaintiff loaned the defendant Walter the

sum of $1200.00 which he used toward the purchase of a tavern called the "Blue Haven" in the city of Miami. After Irene had arrived in Florida the plaintiff loaned her the sum of $250.00 to repair her automobile.

In May of 1949 there was talk between the plaintiff and both defendants concerning the purchase by the defendants of another establishment called" Anne's Bar and Grille," also in Miami. The defendant Irene stated that she liked the business very much and would buy it if she had the money. The plaintiff said he would help her if she would sign a note, whereupon she declared "You will get your money with interest". The plaintiff advanced the sum of $3850.00 for the purchase of the establishment and left to come back north. The defendants agreed to go to the office of an attorney to sign a mortgage and note in the sum of $5618.00 made up as follows: $1200.00 borrowed by Walter, $250.00 borrowed by Irene and $3850.00 borrowed to buy "Anne's Bar & Grille." Irene did not appear at the office of the attorney and the mortgage and note was in fact signed only by Walter. The plaintiff did not learn of this until later. Subsequently the plaintiff learned that the business had been sold and Irene told him that she had received $1900.00 in cash as part of the consideration for the sale. When the plaintiff asked her for the money she said she would pay him at the end of the two months. At the expiration of that time she said she had changed her mind and would

pay him nothing because she had signed nothing. She also stated that she was a young lady from the city while he was a farmer.

The mortgage and note being in default, the plaintiff brought a Bill of Complaint in the Circuit Court of the Eleventh Judicial Circuit for Dade County, Florida for the foreclosure of the chattel mortgage and the recovery of a deficiency judgment to cover any deficiency which might result from the foreclosure sale. While this proceeding was brought against both defendants the name Irene V. Ikasala was stricken on motion. The proceedings resulted in an order for forecloure by sale, a sale of the property and the entry of a decree establishing a deficiency of $5626.01 as against Walter Ikasala alone no part of which sum has been paid. The Court also found that Walter and Irene were not engaged as partners, that Walter was not the agent of Irene and that the mortgage was that of Walter alone.

At the close of the evidence in the present case both parties filed requests for rulings of law some of which were granted and some denied. The judge found for the plaintiff against the defendant Irene V. Ikasala in the sum of $4100.00, representing the sum of $250.00 which the plaintiff loaned for the repair of her car and $3850.00 loaned for the purchase of "Anne's Bar & Grille." He also made special findings of fact in which he found that the sum of $1200.00 was not loaned to Irene but to Walter and that the giving

of a note by Walter to the plaintiff for the sum of $5618.00 representing the total of all loans made by the plaintiff did not constitute payment and discharge of the original indebtedness and that the failure of Irene to sign the mortgage and note was fraudulent.

The issues presented by this report, resulting from the denial of the defendants' requests for rulings of law and the granting of certain of the plaintiff's requests for rulings of law are two. *First,* did the execution of the note incorporating all of the loans extinguish the pre-existing debts, and *second,* do the Florida proceedings constitute *res judicata* precluding recovery in the present action?

In this Commonwealth there is a presumption that a note given to cover an existing debt constitutes payment of the debts, but this presumption can be rebutted by evidence that such was not the intention of the parties. *Paddock* & *Fowler v. Simmons,* 186 Mass. 152.

The judge's special findings contain the following statement:

"I find that Rozenas did not accept the note signed by Walter Ikasala only in payment of $3850.00 loan, but intended to hold *Irene v. Ikasala* responsible in addition to her husband".

This finding must stand if it can find support on any reasonable view of the evidence. *Weiner v. Egleston Amusement Co.,* 293 Mass. 83. The evidence reported was ample to support it and therefore it cannot be dis-

turbed. *Castano v. Leone*, 278 Mass. 429; *Mass. v. Old Colony Trust Co.,* 246 Mass. 139; *Casey v. Gallagher,* 326 Mass. 746.

■ With regard to the Florida preceedings it is elementary that the judgments and decrees of the Courts of other states having proper jurisdiction of the parties are entitled to full faith and credit here. U. S. Cons., Art. IV, Sec. 1; *Page v. Page,* 189 Mass. 85; *Chittick v. Chittick,* 332 Mass. 554. There is no question that the Florida decree involved in these proceedings meets the constitutional requirements of full faith and credit but it can act as a bar to these proceedings only as to those issues which in fact were or in law might have been litigated there. *Ratner v. Rockwood Sprinkler Co.,* 340 Mass. 773; *Willett v. Webster,* 337 Mass. 98.

■ It appears that the Florida proceedings were brought for the purpose of foreclosing a chattel mortgage to which the defendant Irene V. Ikasala was not a party. While she was named in the proceeding she had never signed the mortgage and note. The court found that the obligation under the mortgage and note was that of Walter alone and that Irene was not engaged in business with him. A decree authorizing foreclosure by sale was entered and after sale a deficiency judgment was entered against Walter. On motion of Irene V. Ikasala the court further ordered that her name be stricken from the proceedings.

It is apparent from the record of the Florida proceedings which are appended at considerable length to the report that the only question before the court there was the foreclosure of the chattel mortgage given to the plaintiff by Walter Ikasala and the liability for any deficiency resulting from the sale. Since Irene was not a party to the mortgage and note she was not held liable thereunder.

The current action is not based upon the mortgage note but upon the pre-existing liability of Irene V. Ikasala to the plaintiff for moneys advanced by him to her and to her husband at her request. This issue was not before the Florida Court and could not have been litigated in that proceeding. *Marcus v. Richardson,* 299 Mass. 11; *Newburyport Inst. for Savings v. Puffer,* 201 Mass. 41.

To quote from the case of *Newhall v. Enterprise Mining Co.,* 205 Mass. 585:

> "It does not follow that the causes of action in two cases are the same because they both originated in the same series of transactions, and in the conversations and communications which took place between the parties concerning them. The question is whether the substantive causes of action relied on are essentially the same, not whether they grow out of transactions which occurred at the same time and had a close relation to one another."

We therefore conclude that the Florida proceedings involved the issue of liability under a mortgage and note only and were not

determinative of the issues raised in this case.

Since we find no prejudicial error the order should be, "Report Dismissed".

George L. Wainwright, of Boston, for the Plaintiff.
Edward J. Doyle, of Boston, for the Defendant.